UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAR 10 A 11:08

LORETTA G. WHYTE
CLERK

PAMELA GEORGE, Individually and
as the Tutrix of her minor daughter,
Kaycie George

CIVIL ACTION

VERSUS

00-0006

HOME DEPOT USA, INC., JOHN DOE,
WILLIAM DOE, SAM DOE, and XYZ
INSURANCE COMPANY

SECTION "T"(1)

Before the Court is a Motion to Remand filed on behalf of the plaintiff, Pamela George, Individually and as the Tutrix of her minor daughter, Kaycie George. The parties waived oral argument and this matter was submitted for the Court's consideration on March 1, 2000. The Court, having considered the memoranda filed, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I. BACKGROUND:

This suit arises out of an automobile accident which occurred on May 11, 1999, in Orleans Parish. Plaintiff contends that as she was driving on the I-10 Service Road, a Home Depot truck suddenly entered the roadway in front of her causing her to swerve to the left. As she did so, the vehicle hydroplaned on the wet roadway and veered off the road striking a tree. Plaintiff and her six year old daughter were allegedly injured in the accident. Suit was filed in Civil District Court for the Parish of Orleans naming Home Depot USA, Inc. ("Home Depot"), John Doe, William Doe, Sam Doe, and XYZ Insurance Company as defendants. Home Depot filed a notice of removal based

DATE OF ENTRY MAR 10 2000

1

Fee
Process
X Dktd
CtRmDep
Doc.No.

upon diversity jurisdiction and amount in controversy exceeding the sum of $75,000. The plaintiff has moved to remand this action to state court.

## II. ARGUMENTS OF THE RESPECTIVE PARTIES:

### A. Arguments of the Plaintiff in Support of the Remand:

Plaintiff contends that this Court lacks subject matter jurisdiction as complete diversity does not exist. Plaintiff is a resident of Louisiana. Defendants, William Doe and Sam Doe, are alleged to be residents of Orleans Parish and employees of Home Depot assigned to the vehicle in question as helpers. Additionally, the petition identifies John Doe as the operator of the vehicle and is alleged to be an employee of the local Home Depot store. As such, plaintiff contends that the face of the petition shows that this is not an action between citizens of different states. Moreover, the petition submits that one of these three employees attempted to render aid to Pamela George by forcefully extricating her from the wrecked vehicle; however, the force used had the effect of worsening and/or aggravating her injuries. As such, even though Sam Doe and William Doe were not the drivers of the truck, one or both caused George's injuries. The employees fled the scene after trying to render aid and thus their identities have not yet been revealed. However, the driver named as "John Doe" has been identified as Scott Shields. Shields is an employee of the Kenner Home Depot. The suit will be amended to reflect his name and residency in Louisiana. As such, the face of the petition evidences a lack of complete diversity.

Furthermore, plaintiff contends that there is nothing to suggest that Pamela George fraudulently joined William Doe and Sam Doe, who were both clearly identified as Louisiana residents. When the true identity of these individuals is uncovered, defendant may then move for

2

removal if they are not in fact Louisiana residents.

Next, plaintiff argues that the defendant has failed to establish that the amount in controversy exceeds the minimum limit for federal jurisdiction under the diversity statute. First, the petition does not facially reveal that the amount in controversy is in excess of $75,000. Second, Home Depot has not presented any facts to support its required burden of establishing that the amount in controversy exceeds $75,000. The plaintiff, herself, is not even in a position to determine the amount or extent of plaintiffs' damages as Pamela George's medical treatment has not been completed. Defendant simply concludes and speculates that the claim exceeds $75,000 without presenting any information or evidence to support this conclusion. As such, plaintiff suggests that this Court lacks jurisdiction and the matter should be remanded to the Civil District Court for the Parish of Orleans. Additionally, plaintiff seeks to recover from defendant costs and expenses, including attorney's fees, incurred as a result of the improper removal pursuant to 28 U.S.C. §1447(c).

### B. Arguments of the Defendant in Opposition to the Remand:

Home Depot contends that this Court has original subject matter jurisdiction as the action is one between citizens of different states. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a). Plaintiff is a citizen of Louisiana while Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia. Thus, complete diversity exists among the non-fictitious parties and removal is proper.

Next, Home Depot argues that it is facially apparent that the plaintiffs' claims are likely to exceed $75,000. Paragraph XII of the petition alleges that George sustained "serious disabling personal injuries including but not limited to, right ankle medial malleolus fracture; left fifth

metacarpal fracture; left tibial plateau fracture; closed head injury; post traumatic stress disorder; and other injuries to be proved at trial". Kaycie George is alleged to have sustained "personal injuries and psychic injuries including but not limited to, post traumatic stress disorder" in Paragraph XIII of the petition. Furthermore, plaintiff seeks past, present and future physical pain and suffering, mental anguish and distress, past, present and future medical expenses, lost wages, loss of earning capacity, and any other damages entitled to under law in Paragraphs XIV and XIX of the petition. Moreover, plaintiff asserts that the claim exceeds $50,000 thereby entitling her to a trial by jury. Furthermore, plaintiff did not file a binding stipulation or affidavit that her damages are less than $75,000. Considering the nature and extent of the injuries as alleged, it is facially apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of costs and interest. Finally, defendant asserts that costs and attorney's fees should not be awarded as removal was based on a colorable claim.

### III. LAW AND ANALYSIS:

In this particular case, jurisdiction is asserted based upon diversity of citizenship. 28 U.S.C. §1332. The removing party bears the burden of establishing that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 516 U.S. 865, 116 S.Ct. 180, L.Ed.2d 119 (1995). Further, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." De Aguilar, 47 F.3d at 1409, quoting De Aguilar v. Boeing Co. ("De Aguilar I"), 11 F.3d 55, 58 (5th Cir. 1993).

However, the Fifth Circuit stated that the preponderance burden forces the defendant to do more than point to state law that might allow the plaintiff to recover more than what is pled. Id.

Jurisdictional facts that support removal must be judged at the time of removal. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (1995). Moreover, once diversity jurisdiction has attached, it cannot be subsequently divested by the voluntary reduction of the amount in controversy below jurisdiction. 28 U.S.C. §1447(c); St. Paul Indemnity Co. v. Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); Reisman v. New Hampshire Fire Ins. Co., 312 F.2d 17 (5th Cir. 1963); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995). Any evidence submitted after the complaint has been filed is allowable only if relevant to the time of removal. Asociacion Nacional de Pescadores v. Dow Quimica de Colombis S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994); De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995). Additionally, "a unilateral, post-removal stipulation does not deprive the removal court of jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed.2d 845 (1938); Candies v. Monsanto Co., 1998 WL 57055 (E.D.La.).

The prevailing law in this area was summarized by the Fifth Circuit in the recent case of Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) as follows:

> Several Fifth Circuit decisions have established a clear analytical framework for resolving disputes concerning the amount in controversy. Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim. La. Code Civ. P. art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy -- preferably in the removal petition, but sometimes by affidavit -- that support a finding of the requisite amount." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original).

Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

In this case, defendant contends that diversity exists and secondly that it is facially apparent that the claims exceed $75,000. This Court agrees. 28 U.S.C. §1441(a) provides: "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." At the time of removal, the only non-fictitious parties to this litigation included the plaintiffs, who are Louisiana citizens, and Home Depot, who is not a Louisiana citizen. These are the only two parties that are relevant to this motion in order to determine diversity. Should plaintiff seek leave of Court to amend their petition, it is possible that diversity could be destroyed. Moreover, upon seeking leave of Court to amend the petition, undoubtedly issues of fraudulent joinder will be raised by the defense. These are two issues that need not be addressed by this Court at this time. Accordingly, it is the finding of this Court that at the time of removal, diversity of citizenship existed.

The Court must now determine if either it is facially apparent that the claims exceed the jurisdictional amount of $75,000, or whether the defendant has shown by a preponderance of the evidence with "summary judgment like" evidence that the claims exceed $75,000. The defendant has submitted no evidence, but merely argues that it is facially apparent that the amount in controversy exceeds $75,000. Plaintiff contends that she sustained "serious disabling personal injuries" as a result of this accident. Pamela George submits that her injuries include a right ankle medial malleolus fracture; left fifth metacarpal fracture; left tibial plateau fracture; closed head injury; post traumatic stress disorder; and other injuries. Additionally, it is asserted that her minor daughter, Kaycie George, suffered personal and psychic injuries, including post-traumatic stress disorder. As a result, the plaintiff seeks damages for physical pain and suffering, mental pain and

suffering, medical expenses, lost wages, loss of earing capacity, and any other damages in which they are entitled under law. Moreover, plaintiff asserts that the amount in controversy exceeds $50,000, yet, does not exceed $75,000.

It is the finding of this Court that the severity of the alleged injuries sustained combined with the types of damages sought, which include medical expenses, lost wages, and loss of earning capacity, could easily reach the $75,000 mark. A simple quantum study reveals that the types of injuries alleged can far exceed the $75,000 jurisdictional limit when of a severe nature. This Court is unwilling to accept an argument that while the plaintiff believes the claim exceeds $50,000 it is inconceivable for her to accept that the amount would reach the federal jurisdictional prerequisite of $75,000. By plaintiff's own argument the damages at issue cannot be fully calculated as plaintiff is continuing to treat with her physician nine months after the accident. As such, it is the opinion of this Court that it is facially apparent from the face of the petition that this claim exceeds the federal jurisdictional limit and thus removal was proper.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed on behalf of the plaintiffs, Pamela George, Individually and as the Tutrix of her minor daughter, Kaycie George, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs request for costs and attorney's fees pursuant to 28 U.S.C. §1447(c) is hereby **DENIED**.

New Orleans, Louisiana, this _____ day of March, 2000.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE