

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION |
| | § | NO. 00-0006 |
| VERSUS | § § | |
| | § | SECTION "T" |
| HOME DEPOT U.S.A., INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § | MAGISTRATE (1) |

### EX PARTE MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT MOTION FOR PROTECTIVE ORDER WITH AFFIDAVITS

Home Depot U.S.A., Inc. ("Home Depot"), through undersigned counsel respectfully requests ex-parte leave of court to file the attached sworn affidavits of Eloise Johnson and Todd Delaune (Exhibits "A" and "B" respectively) in support of Home Depot's Motion for Protective Order ("Home Depot's Motion"). Home Depot's Motion is scheduled for hearing on this Court's November 29, 2000 docket.

Each of these affiants are employees of Home Depot, and their affidavits address the rules and procedures regarding the handling and review of Home Depot's Standard Operating Procedure Manuals, including but not limited to Manual Numbers 01-16 and 09-95. Due to the necessity of filing Home Depot's Motion in time that it could be set for hearing on this Court's November 29,





2000 docket, Home Depot was not afforded the time needed to confer with the affiants' regarding the content of, and meet with the affiants in order to have their respective affidavits notarized in time to file the affidavits with Home Depot's Motion.

WHEREFORE, Home Depot U.S.A., Inc., prays that this Court grant Home Depot's Ex-Parte Motion and accept the attached sworn affidavits of Eloise Johnson and Todd Delaune in support of Home Depot's motion for Protective Order which is scheduled to be heard on this Court's November 29, 2000 docket.

Respectfully submitted,

_____
DEBORAH W. FALLIS, (Bar #2177)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 • (504) 568-1888

Attorneys for Home Depot U.S.A., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ex Parte Motion and Incorporated Memorandum in Support of Motion for Leave to Supplement Motion for Protective Order with Affidavits has been served upon Clifford E. Cardone, Esq., 829 Baronne Street, New Orleans, Louisiana 70112; and Michael E. Katz, Esq., 365 Canal Street, Suite 2700, New Orleans, Louisiana 70130; by hand delivery, this 22th day of November, 2000.

_____

F:\USERS\DWF\Homedepot\George\Pleadings\Motion to Supplement Motion for Protective Order.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION |
| | § | NO. 00-0006 |
| VERSUS | § § | SECTION "T" |
| HOME DEPOT USA, INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § | MAGISTRATE (1) |

### AFFIDAVIT OF ELOISE JOHNSON

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned notary, duly sworn and qualified in the State and Parish aforesaid, personally came and appeared:

**Eloise Johnson,**

who being duly sworn deposed and said that:

1. I am the Associate Developmental Supervisor ("ADS") for Home Depot, Inc. at Store No. 352, located at 12300 I-10 Service Road, New Orleans, Louisiana;

2. The position of ADS has existed for only three (3) weeks;

Page 1 of 4



3. It is the ADS's duty to oversee training of all employees in the store to which they are assigned;

4. Prior to the development of the ADS position, the duties now assumed by the ADS regarding the Home Depot Standard Operating Procedures Manuals (the "SOP Manuals") were handled only by members of the Management Team;

5. The Management Team members include only those employees who are compensated on salaried basis, and at the store level only includes assistant store managers and store managers. The department managers are not members of the Management Team. The ADS position is not included in the composition of the Management Team;

6. I am personally familiar with and qualified to attest to the corporate procedures and policies followed by Home Depot, in maintaining and guarding the confidentiality of the SOP Manuals;

7. Home Depot has had developed and maintains SOP Manuals covering procedures and policies to be followed by Home Depot's employees in virtually every department of Home Depot;

8. SOP Manuals entitled "The Home Depot Standard Operating Procedures, 01-16: Truck Driver Hiring and Certification" and "The Home Depot Standard Operating Procedures, 09-95: Vehicle Guidelines and Claims" are examples of Home Depot's SOP Manuals ("01-16 SOP Manual" and "09-95 SOP Manual");

9. The 01-16 and 09-95 SOP Manuals were compiled and developed by Home Depot in the course and conduct of its business for Home Depot's exclusive use, and as such, Home Depot considers them to comprise valuable corporate assets of which it has *the sole use and benefit;*

10. Viewing of, or the disclosure of the information contained within the SOP Manuals, including the 01-16 and 09-95 SOP Manuals, by or to non-Home Depot personnel is strictly prohibited by Home Depot;

11. The information in the SOP Manuals is made known only to those Home Depot employees whose job duties require that they be informed and/or follow the policies and procedures set forth therein in order for that particular employee to perform his/her job;

12. Home Depot has taken great care to closely guard access to and the information contained in the SOP Manuals;

13. It is Home Depot's policy and practice that one set of Manuals be provided to each store;

14. It is the ADS/Management Team's duty to maintain custody of the stores SOP Manuals, and they are maintained under lock and key;

15. Home Depot employees may consult portions of the SOP Manuals only in the presence of an ADS or a member of the Management Team, and only to the extent necessary to accomplish their specific job duties;

16. Replacement of any portion of any Manual may be had only on application with particular identifying indicia to the corporate Home Office, which would provide the replacement part only when and if satisfied as to the absolute need for same;

17. Disclosure of the SOP Manuals would prove valuable to Home Depot's competitors;

18. Disclosure of the SOP Manuals would prove detrimental to Home Depot;

19. Home Depot has invested significant time and funds in the compilation and development of its Manuals and in closely guarding the secrecy of same;

20. Each portion of the Home Depot SOP Manuals is labeled with the legend "Privileged Document";

21. Each portion of the Home Depot Manuals contains the printed statement that the material constitutes confidential and proprietary information.

_____
ELOISE JOHNSON

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 20 DAY OF NOVEMBER, 2000

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION NO. 00-0006 |
| VERSUS | § § § | SECTION "T" |
| HOME DEPOT USA, INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § | MAGISTRATE (1) |

### AFFIDAVIT OF TODD DELAUNE

PARISH OF ORLEANS

STATE OF LOUISIANA

BEFORE ME, the undersigned notary, duly sworn and qualified in the State and Parish aforesaid, personally came and appeared:

**Todd Delaune**

who being duly sworn, deposed and said that:

1.  I am the General Manager for Home Depot, U.S.A., Inc. ("Home Depot") Store No.352, located at 12300 I-10 Service Road, New Orleans, Louisiana;

Page 1 of 4



EXHIBIT 13

2. I have been a member of Home Depot's Management Team ("Management Team") for 5 years.

3. I have been employed by Home Depot for 17 years;

4. I am familiar with and qualified to attest to the corporate procedures and policies followed by Home Depot in maintaining and guarding the confidentiality of Home Depot Standard Operating Procedures (the "SOP Manuals"), which include Manual Nos. 01-16 and 09-95 (the "01-16 and 09-95 SOP Manuals");

5. The SOP Manuals were compiled and developed by Home Depot in the course and conduct of its business for its exclusive use, and as such, Home Depot considers them to comprise valuable corporate assets of which it has the sole use and benefit;

6. It is Home Depot's policy and practice that one set of SOP Manuals remain in each store.

7. Home Depot recently established the position of Associate Developmental Supervisor ("ADS"). The ADS position is the only employment position which compensated on an hourly basis and has access to the SOP Manuals;

8. Prior to Home Depot's establishment of the position of ADS, the Management Team was solely charged with the responsibility of maintaining the SOP Manuals;

9. The employment positions which compose the Management Team includes only those employees who are compensated on salaried basis, and at the store level, only includes assistant store managers and store managers. The department managers are not members of the Management Team;

Page 2 of 4

10. The SOP Manuals are now maintained under lock and key by the ADS in conjunction with the Management Team;

11. Prior to the existence of the position of the ADS, Home Depot's employees could only review the SOP Manuals while in the presence of a member of the Management Team;

12. The SOP Manuals may now be reviewed by Home Depot's Associates only when in the presence of an ADS or a member of the Management Team;

13. Home Depot employees are allowed to consult the SOP Manuals only to the extent necessary to accomplish their specific duties;

14. The information in the 01-16 and 09-95 SOP Manuals has not been made known outside Home Depot;

15. The information in the 01-16 and 09-95 SOP Manuals has not been made widely known within Home Depot;

16. Home Depot has taken great care to closely guard access to the information contained in the 01-16 and 09-95 SOP Manuals;

17. Replacement of any portion of any Manual may be had only on application with particular identifying indicia to the corporate Home Office, which would provide the replacement part only when and if satisfied as to the absolute need for same;

18. Disclosure of the SOP Manuals would prove valuable to Home Depot's competitors;

19. Disclosure of the SOP Manuals would prove detrimental to Home Depot;

20. Home Depot has invested significant time and funds in the compilation and development of its Manuals and in closely guarding the secrecy of same;

21. Each portion of the Home Depot SOP Manuals is labeled with the legend "Privileged Document";

22. Each portion of the Home Depot Manuals contains the printed statement that the material constitutes confidential and proprietary information.

*[signature]*

SWORN TO AND SUBSCRIBED BEFORE ME

THIS __26__ DAY OF NOVEMBER, 2000.

_____
NOTARY PUBLIC

F:\USERS\DWP\Homedepot\George\Pleadings\affidavit (home depot, george) of store manager IIwpd.wpd

Page 4 of 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION |
| | § | NO. 00-0006 |
| VERSUS | § § | SECTION "T" |
| HOME DEPOT U.S.A., INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § | MAGISTRATE (1) |

## ORDER

Considering the foregoing Ex Parte Motion and Incorporated Memorandum in Support of Motion for Leave to Supplement Motion for Protective Order with Affidavits, filed herein by Home Depot U.S.A., Inc.,

IT IS ORDERED that Home Depot be allowed to supplement its Motion for Protective Order with the Affidavits of Home Depot employees Eloise Johnson and Todd Delaune.

New Orleans, Louisiana, this 27 day of November, 2000.

_____
Magistrate JUDGE
UNITED STATES DISTRICT COURT