FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -2 AM 11: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually | : | CIVIL ACTION |
| and as the Tutrix of her minor daughter, | : | |
| Kaycie George | : | NO.   00-0006 |
| | : | |
| VERSUS | : | SECTION "T" |
| | : | |
| HOME DEPOT USA, INC., JOHN DOE, | : | MAGISTRATE (5) |
| WILLIAM DOE,  SAM DOE | : | |
| and XYZ INSURANCE COMPANY | : | |

### SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT through undersigned counsel, comes, Pamela George, a person of the full age of majority and a resident the Parish of Orleans, State of Louisiana, appearing individually and as the Tutrix of her minor daughter, Kaycie George, who respectfully represents:

I.

That made additional defendants in this action are:

1. **NATIONAL UNION FIRE INSURANCE COMPANY**, a foreign insurer, authorized to do and conducting business in the Parish of Orleans and State of Louisiana, which at all pertinent times hereto was the liability insurer for HOME DEPOT U.S.A., INC. and its employees, agents and officers;

2. **MIKE KOSPELICH,** an employee of the HOME DEPOT U.S.A., INC., who, upon information and belief was either operating the HOME DEPOT U.S.A., delivery truck and/or who caused additional injuries to plaintiff, Pamela George, by physically manipulating her in a careless manner, immediately subsequent to the accident,

3    **CHRIS ROME**, an employee of the HOME DEPOT U.S.A., INC., who, upon

information and belief was either operating the HOME DEPOT U.S.A., delivery truck and/or who caused additional injuries to plaintiff, Pamela George, by physically manipulating her in a careless manner, immediately subsequent to the accident.

III.

Plaintiff avers that all pertinent times, MIKE KOSPELICH AND CHRIS ROME were agents, officers or employees of HOME DEPOT U.S.A., INC. and acting within the course and scope of their employment with HOME DEPOT U.S.A., INC. and all acts of negligence alleged in this petition are imputable to their employer under the legal theory of *respondeat superior*.

IV.

Plaintiff avers that on or about May 11, 1999, at approximately 11.45 a.m. she was operating her 1995 Toyota Corolla in a westerly direction on the North I-10 Service Road at Read Boulevard, and at all pertinent times her six-year-old minor daughter, KAYCIE GEORGE, was an occupant of the vehicle.

V.

Plaintiff avers that as she proceeded west on the Service Road, at approximately 150 feet short of the intersection with Read Boulevard, her vehicle was involved in the accident which forms the basis of this petition.

VI.

Plaintiff avers with particularity that as she operated her vehicle on the Service Road headed toward Read Blvd., there was a parked or temporarily stopped HOME DEPOT truck in a driveway at "The Palms Apartments" which entered the roadway in front of plaintiff, creating a situation

wherein an impact would become unavoidable unless plaintiff took evasive action.

VII.

Plaintiff avers that she swerved to the left to avoid the HOME DEPOT truck and in so doing lost control of the vehicle she was operating, and upon information and belief, hydroplaned on a wet roadway across the Service Road to the eastbound lane and back across the westbound lane of the I-10 Service Road and struck a tree located in front of The Palms Apartment complex.

VIII.

Plaintiff avers that upon information and belief her vehicle may have been tapped by the HOME DEPOT delivery truck, but that the contact between her vehicle and the HOME DEPOT truck, if any contact was made, was minimal.

IX.

Plaintiff avers that the accident and injuries sustained by her were caused through no fault of her own, but as a direct result of the negligence of the MIKE KOSPELICH AND/OR CHRIS ROME in the particulars itemized below, but not limited to the following:

a. Failing to maintain a proper lookout under the circumstances;

b. Failing to yield the right of way under the circumstances;

c. Failing to see what should have been seen under the circumstances;

d. Failing to exercise the degree of care mandated by law for a vehicle entering a roadway from private driveway in contravention of L.S.A. 32:124 under the circumstances;

e. Failing to maintain control of the vehicle that he was operating under the

circumstances;

f.  Failing to avoid an accident despite the opportunity and the ability to do so under the circumstances;

g.  Operating his vehicle at a fast and excessive rate of speed under the then existing circumstances;

h.  Operating the vehicle in a willful, wanton and reckless fashion, constituting gross negligence without due regard for the lives and safety of others, more particularly your plaintiffs PAMELA GEORGE, individually and as the Tutrix of her minor daughter, KAYCIE GEORGE, under the circumstances;

i.  Failure to exercise the last clear chance to avoid the collision which forms the basis of this claim under the circumstances;

j.  In creating a hazardous and/or dangerous condition under the circumstances;

k.  Any and all other acts of omission or commission consulting negligence to be proved at the trial of this cause, all in violation of the Louisiana traffic statutes and the traffic ordinances of the Parish of Orleans, State of Louisiana, which are incorporated herein as if set forth *in extenso*.

X.

That alternatively and/or in the conjunctive, MIKE KOSPELICH AND CHRIS ROME alone or in combination, stopped the vehicle in which they were driving or riding in an effort to render aide to plaintiffs. That in so doing one or both of the defendants tried to negligently and forcefully remove plaintiff, Pamela George, from the vehicle which had the effect of worsening and/or

aggravating her injuries and causing unnecessary additional severe and excruciating pain and suffering for which defendant, Home Depot, is vicariously liable.

XI.

Plaintiff avers that the defendants, after creating unreasonable risk of harm, which caused her to lose control of her vehicle and ultimately crash it into the tree in front of the Palms Apartment complex, and after negligently attempting to forcefully remove plaintiff, fled the scene of the accident.

XII.

Plaintiff avers that as a result of the accident described in this petition, she sustained serious disabling personal injuries including but not limited to, right ankle medial malleolus fracture; left fifth metacarpal fracture; left tibial plateau fracture; closed head injury, post traumatic stress disorder; and other injuries to be proved upon the trial of this case.

XIII.

Plaintiff avers that as a result of the accident described in this petition, her minor daughter, KAYCIE GEORGE, also sustained personal injuries and psychic injuries including but not limited to, post traumatic stress disorder.

XIV.

Plaintiff, Pamela George, individually and as the Tutrix of her minor daughter, Kaycie George, avers that as a result of the injuries sustained in this accident, she is entitled to be compensated for her damages including past, present and future physical pain and suffering, mental anguish and distress, in addition to any and all medical expenses incurred and to be incurred, lost wages, loss of

earning capacity, and any and all other such damages as she may be entitled to collect under the jurisprudence and the laws of the State of Louisiana.

XV.

Plaintiff reiterates, reaffirms, reasserts and realleges all the other allegations contained in her original Petition, except as supplemented and amended herein and except those paragraphs that are inconsistent herewith, and incorporate said original Petition herein in extenso.

XVI.

Petitioner is entitled to and requests a Jury in this matter.

**WHEREFORE**, plaintiff prays that the defendants be served with a copy of this petition and duly cited to appear and answer same and that after due proceedings had, there be judgment granted herein in favor of **PAMELA GEORGE**, individually and as the Tutrix of her minor daughter, **KAYCIE GEORGE**, and against the defendants, **HOME DEPOT U.S.A., INC., MIKE KOSPELICH, CHRIS ROME AND NATIONAL UNION FIRE INSURANCE COMPANY**, jointly, severally and *in solido*, in the amount sufficient to compensate them for their general damages, physical pain and suffering, mental anguish and distress, whether past, present or future; in addition to all medical expenses, lost wages, and any other damages to which they may be entitled to under the laws of the State of Louisiana or its jurisprudence.

Furthermore, plaintiffs pray for all general and equitable relief and all costs of these proceedings together with legal interest thereon from date of judicial demand until paid.

Respectfully submitted.
CARDONE LAW FIRM
A PROFESSIONAL LAW CORPORATION

_____
**CLIFFORD E. CARDONE (# 3874)**
829 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-1394

and

**MICHAEL E. KATZ**
ROBERTS, KATZ & BAUDIER
365 Canal Street, Suite 2700
One Canal Place
New Orleans, Louisiana 70130
Telephone: (504) 522-7791
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing First Amended Complaint has been served on counsel for all represented parties and upon all unrepresented parties by mailing same via First Class, United States Mail, properly addressed and postage prepaid, this **20th** day of **December 2000.**

_____
CLIFFORD E. CARDONE