FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 FEB 23 PM 2: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAMELA GEORGE, Individually          :     CIVIL ACTION
and as the Tutrix of her minor daughter, :
Kaycie George                        :     NO.    00-0006
                                     :
VERSUS                               :     SECTION "T"
                                     :
HOME DEPOT USA, INC.,JOHN DOE,       :     MAGISTRATE (5)
WILLIAM DOE, SAM DOE                 :
and XYZ INSURANCE COMPANY            :

## MOTION TO REMAND,
## AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

NOW INTO COURT, through undersigned counsel, comes plaintiff, Pamela George

individually, and as Tutrix of her minor daughter, Kaycie George, who pursuant to 28 U.S.C. §1447,

moves this Honorable Court to remand this action to the Civil District Court for the Parish of

Orleans, State of Louisiana, because this Court lacks subject matter jurisdiction, as set forth

hereinafter.

1.

On November 16, 1999 plaintiff filed a Petition for Damages  in the Civil District Court for

the Parish of Orleans, commencing an action entitled "Pamela George, Individually and as Tutrix of

her minor daughter, Kaycie George vs. Home Depot U.S.A., Inc. John Doe, William Doe, Sam Doe,

and XYZ Insurance Company", bearing cause number 99-18713, Division "A".

2.

On December 30, 1999, Home Depot USA, Inc.,  pursuant to 28, U.S.C. § 1446, filed

with this Honorable Court a Notice of Removal on the grounds that this Honorable Court has

original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, in that complete diversity exists

between the plaintiffs and the defendant and the amount in controversy exceeds the sum of

Fee
Process
X Dktd
CtRmDep
Doc.No. 45

$75,000,000, exclusive of interest and costs.

3.

On February 1, 2001, with permission of the Court, plaintiffs filed a Supplemental and Amending Complaint substituting the previously alleged fictitious names of defendants, "William Doe" and "Sam Doe", for the newly discovered names of the Home Depot employees, Chris Rome and Mike Kospelich, whose names were obtained through discovery. (See Exhibit "B").

4.

As set forth in Plaintiff's Supplemental and Amending Complaint, at the time of this accident, the domicile of defendant, "William Doe", now identified as Chris Rome was Orleans Parish, State of Louisiana; and the domicile of defendant, "Same Doe" now identified as Mike Kospelich was Orleans Parish, State of Louisiana.

5.

Pursuant to 28 U.S.C. §1446 and §1447, the United States District Court for the Eastern District of Louisiana no longer has proper subject matter jurisdiction and this matter must be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

6.

### Law and Argument

28 U.S.C. § 1447 reads in pertinent part:

(c)     If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

(e)     If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

2

State court.

This district court has general authority to remand a case over which it has no subject matter jurisdiction. 28 U.S.C. § 1447; Buchnery v. F.D.I.C., 981 F.2d 816 (5ᵗʰ Cir. 1993).

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is total diversity of citizenship between the parties. Here, plaintiffs contest that total diversity exists between the parties, because defendants Chris Rome and Mike Kospelich were domicilliaries of the State of Louisiana, at the time of the Original Complaint was filed; the same State in which Plaintiff, Pamela George is domiciled.

The right to remove a state court action to federal court on diversity grounds is statutory, See Little York Gold-Washing & Water Co. V. Keyes., 96 U.S. 199, (1877), and must therefore be invoked in strict conformity with statutory requirements, see 1A J. Moore & B. Ringle, Moore's Federal Practice 0,157, at 33-34 (2d ed. 1989). In light of the congressional intent to restrict federal court jurisdiction as well as the importance of preserving the independence of state governments, federal courts construe the removal statue narrowly, resolving any doubts against removability. See Shamrock Oil & Gas Corp. V. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); IA J. Moore & B. Ringle, Moore's Federal Practice, 0.157, at 38 (2d ed. 1989). Therefore, any doubt raised by the language in plaintiffs' petition must be resolved in favor of remand as removal statues are to be strictly construed against removal.

1.    **This Court lacks subject matter jurisdiction because there is not complete diversity**.

Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state. See, United States Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir.1992).

3

Here, plaintiff, Pamela George, is a resident of Louisiana. Plaintiff alleges in Paragraph II (3) and (4) of the her Original Complaint that two defendants, "William Doe", now identified as Chris Rome, and "Sam Doe", now identified as Mike Kospelich, were residents of Orleans Parish, State of Louisiana at the time the original Complaint was filed. Both of these defendants were identified as employees of Home Depot U.S.A., Inc. who directly contributed to the damages suffered by Plaintiff, Pamela George, either as driver of the automobile which caused her to lose control of her vehicle, or as the "helper" who improperly pulled Pamela George from her wrecked vehicle, increasing her physical injury. Accordingly, on the face of the pleadings, this court lacks subject matter jurisdiction as there is a lack of complete diversity. Remand to the State court is therefore required.

*Conclusion*

As this Honorable Court lacks subject matter jurisdiction over this suit under 28 U.S.C. §1332, plaintiffs' Motion to Remand must be granted and this action must be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted:

**CARDONE LAW FIRM**
**A Professional Law Corporation**

**CLIFFORD E. CARDONE (#3874)**
**829 Baronne Street**
**New Orleans, Louisiana 70113**
**(504) 581-1394**

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion and Memorandum to Remand has been forwarded to all counsel of record by placing a copy of same in the United States Postal Service, postage prepaid or by Telecopy, this 23rd day of February, 2001, at New Orleans, Louisiana.

CLIFFORD E. CARDONE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 99-18713                                    DIVISION A

PAMELA GEORGE, INDIVIDUALLY AND AS THE
TUTRIX OF HER MINOR DAUGHTER,
KAYCIE GEORGE

VERSUS

HOME DEPOT U.S.A., INC., JOHN DOE, WILLIAM DOE, SAM DOE AND
XYZ INSURANCE COMPANY

FILED:_____        _____
                                          DEPUTY CLERK

**PETITION FOR DAMAGES**

I.

The plaintiff in this action is **PAMELA GEORGE**, a person of the full age of majority, a resident of and domiciliary of this Parish and State, appearing individually and as the tutrix of her minor daughter, **KAYCIE GEORGE**.

II.

The defendants in this action are:

1.    **HOME DEPOT U.S.A.**, a foreign corporation authorized to to do and conducting business in this Parish and State;

2.    **XYZ INSURANCE COMPANY**, a foreign insurer, authorized to do and conducting business in this Parish and State, which at all pertinent times hereto was the liability insurer for HOME DEPOT U.S.A., INC. and its employees, agents and officers;

3.    **JOHN DOE**, on information and belief, the operator of the HOME DEPOT U.S.A., INC. vehicle described in the collision described herein, to be described and identified upon due discovery;

4.    **WILLIAM DOE**, on information and belief, a person of the full age of majority and resident of and domiciliary of this Parish and State, who at all pertinent times was an employee of HOME DEPOT U.S.A., INC. and assigned to the

-1-



vehicle referred to in this petition as a helper; and,

5.    **SAM DOE**, on information and belief, a person of the full age or majority and resident of and domiciliary of this Parish and State, who at all pertinent times was an employee of HOME DEPOT U.S.A., INC. and assigned to the vehicle referred to in this petition as a helper.

### III.

Plaintiff avers that all pertinent times, JOHN, WILLIAM AND SAM DOE were agents, officers or employees of HOME DEPOT U.S.A., INC. and acting within the course and scope of their employment with HOME DEPOT U.S.A, INC. and all acts of negligence alleged in this petition are imputable to their employer under the legal theory of *respondeat superior.*

### IV.

Plaintiff avers that on or about May 11, 1999, at approximately 11:45 a.m. she was operating her 1995 Toyota Corolla in a westerly direction on the North I-10 Service Road at Read Boulevard, and at all pertinent times her six-year-old minor daughter, KAYCIE GEORGE, was an occupant of the vehicle

### V.

Plaintiff avers that as she proceeded west on the Service Road, at approximately 150 feet short of the intersection with Read Boulevard, her vehicle was involved in the accident which forms the basis of this petition.

### VI.

Plaintiff avers with particularity that as she operated her vehicle on the Service Road headed toward Read Blvd., there was a parked or stopped HOME DEPOT truck in a driveway at "The Palms Apartments" which entered the roadway in front of plaintiff, creating a situation wherein an impact would become unavoidable unless plaintiff took evasive action.

### VII.

Plaintiff avers that she swerved to the left to avoid the HOME DEPOT truck and in so doing lost control of the vehicle she was operating, and upon information and belief,

-2-

hydroplaned on a wet roadway across the Service Road to the eastbound lane and back across the westbound lane of the I-10 Service Road and struck a tree located in front of The Palms Apartment complex.

VIII.

Plaintiff avers that upon information and belief her vehicle may have been tapped by the HOME DEPOT delivery truck, but that the contact between her vehicle and the HOME DEPOT truck, if any contact was made, was minimal.

IX.

Plaintiff avers that the accident and injuries sustained by her were caused through no fault of her own, but as a direct result of the negligence of the HOME DEPOT delivery truck operator in the particulars itemized below, but not limited to the following:

a    Failing to maintain a proper lookout under the circumstances;

b.    Failing to yield the right of way under the circumstances;

c.    Failing to see what he should have seen under the circumstances;

d.    Failing to exercise the degree of care mandated by law for a vehicle entering a roadway from private driveway in contravention of L.S A. 32:124 under the circumstances;

e.    Failing to maintain control of the vehicle that he was operating under the circumstances,

f.    Failing to avoid an accident despite the opportunity and the ability to do so under the circumstances;

g.    Operating his vehicle at a fast and excessive rate of speed under the then existing circumstances;

h.    Operating the vehicle in a willful, wanton and reckless fashion, constituting gross negligence without due regard for the lives and safety of others, more particularly your plaintiffs PAMELA GEORGE, individually and as the tutrix of her minor daughter, KAYCIE GEORGE, under the circumstances;

i.    Failure to exercise the last clear chance to avoid the collision which forms the basis of this claim under the circumstances;

-3-

j.    In creating a hazardous and/or dangerous condition under the circumstances;

k.    Any and all other acts of omission or commission consulting negligence to be proved at the trial of this cause, all in violation of the Louisiana traffic statutes and the traffic ordinances of the Parish of Orleans, State of Louisiana, which are incorporated herein as if set forth *in extenso*.

X.

That alternatively and/or in the conjunctive, Sam Doe or John Doe or William Doe, alone or in combination, stopped the vehicle in which they were driving in an effort to render aide to plaintiffs. That in so doing one or all of the defendants tried to forcefully remove plaintiff, Pamela George, from the vehicle which had the effect of worsening and/or aggravating her injuries and causing unnecessary additional severe and excruciating pain and suffering for which defendant, Home Depot, is vicariously liable.

XI.

Plaintiff avers that the defendant, after creating unreasonable risk of harm, which caused her to lose control of her vehicle and ultimately crash it into the tree in front of the Palms Apartment complex, fled the scene of the accident.

XII.

Plaintiff avers that as a result of the accident described in this petition, she sustained serious disabling personal injuries including but not limited to, right ankle medial malleolus fracture; left fifth metacarpal fracture; left tibial plateau fracture; closed head injury; post traumatic stress disorder; and other injuries to be proved upon the trial of this case.

XIII.

Plaintiff avers that as a result of the accident described in this petition, her minor daughter, KAYCIE GEORGE, also sustained personal injuries and psychic injuries including but not limited to, post traumatic stress disorder.

XIV.

Plaintiff, Pamela George, individually and as the tutrix of her minor daughter, Kaycie

-4-

George, avers that as a result of the injuries sustained in this accident, she is entitled to be compensated for her damages including past, present and future physical pain and suffering, mental anguish and distress, in addition to any and all medical expenses incurred and to be incurred; lost wages, loss of earning capacity, and any and all other such damages as she may be entitled to collect under the jurisprudence and the laws of the State of Louisiana.

XV

Pamela George's claim for mental anguish is brought by virtue of the provisions contained in L.C.C. Article 2315:6, more commonly known as a "Lejeune" claim.

XVI.

That Pamela George's "Lejeune" claim is a separate bodily injury claim and not a derivative claim entitling her to own per person policy limit subject to the aggregate per accident limit, if applicable, see *Crabtree v. St. Farm*, 632 So 2d 736 (La. 1994).

XVII.

Kaycie George's claim for mental anguish is brought by virtue of the provisions contained in L.C.C. Article 2315 6, more commonly known as a "Lejeune" claim.

XVIII.

That Kaycie George's claim is a separate bodily injury claim and not a derivative claim entitling her to her own per person policy limit subject to the aggregate per accident limit, if applicable, see *Crabtree v. St. Farm*, 632 So.2d 736 (La. 1994).

XIX.

Plaintiff, PAMELA GEORGE, avers that as a result of the injuries sustained in this accident by her minor daughter, KAYCIE GEORGE, she is entitled to be compensated for her damages including past, present and future physical pain and suffering; mental anguish and distress, loss of earning capacity, in addition to any and all medical expenses incurred and to be incurred; and any and all other such damages as she may be entitled to collect under the jurisprudence and the laws of the State of Louisiana.

XX.

That the amount in controversy is in the excess of $50,000.00, exclusive of interest

and costs.

XXI

Petitioner is entitled to and requests a Jury in this matter.

**WHEREFORE**, plaintiff prays that the defendants be served with a copy of this petition and duly cited to appear and answer same and that after due proceedings had, there be judgment granted herein in favor of **PAMELA GEORGE**, individually and as the tutrix of her minor daughter, **KAYCIE GEORGE**, and against the defendants, **HOME DEPOT U.S.A., INC., JOHN DOE, WILLIAM DOE, SAME DOE AND XYZ INSURANCE COMPANY**, jointly, severally and *in solido*, in the amount sufficient to compensate them for their general damages, physical pain and suffering, mental anguish and distress, whether past, present or future; in addition to all medical expenses, lost wages, and any other damages to which they may be entitled to under the laws of the State of Louisiana or its jurisprudence.

Furthermore, plaintiffs pray for all general and equitable relief and all costs of these proceedings together with legal interest thereon from date of judicial demand until paid.

Respectfully submitted,

**CARDONE LAW FIRM**
**A Professional Law Corporation**

CLIFFORD E. CARDONE T.A. (LSB #3874)
829 Baronne Street
New Orleans, LA 70112
Telephone: (504) 581-1394
Attorney for Plaintiffs

-and-

MICHAEL E. KATZ (LSB #7648)
365 Canal Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 522-7791
Attorney for Plaintiffs

A TRUE COPY
CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**PLEASE SERVE**

**HOME DEPOT U.S.A., INC.**
**Through its agent for service of process**
**CT CORPORATION SYSTEM**
**8550 United Plaza Boulevard**
**Baton Rouge, LA**

**PLEASE HOLD SERVICE:**

**JOHN DOE**
**WILLIAM DOE**
**SAM DOE**
**XYZ INSURANCE COMPANY**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PAMELA GEORGE, Individually | : | CIVIL ACTION |
| and as the Tutrix of her minor daughter, | : | |
| Kaycie George | : | NO.    00-0006 |
| | : | |
| VERSUS | : | SECTION "T" |
| | : | |
| HOME DEPOT USA, INC., JOHN DOE, | : | MAGISTRATE (1) |
| WILLIAM DOE,  SAM DOE | : | |
| and XYZ INSURANCE COMPANY | : | |

## SUPPLEMENTAL AND AMENDING  COMPLAINT

NOW INTO COURT through undersigned counsel, comes, Pamela George, a person of the full age of majority and a resident the Parish of Orleans,  State of Louisiana, appearing individually and as the Tutrix of her minor daughter, Kaycie George, who respectfully represents:

I.

That made additional defendants in this action are:

1.   **NATIONAL UNION FIRE INSURANCE COMPANY**, a foreign insurer, authorized to do and conducting business in the Parish of Orleans and State of Louisiana, which at all pertinent times hereto was the liability insurer for HOME DEPOT U.S.A., INC. and its employees, agents and officers;

2.   **MIKE KOSPELICH,** an employee of the HOME DEPOT U.S.A., INC , who, upon information and belief was either operating the HOME DEPOT U.S.A., delivery truck and/or who caused additional injuries to plaintiff, Pamela George, by physically manipulating her in a careless manner, immediately subsequent to the accident;

3   **CHRIS ROME.** an employee of the HOME DEPOT U.S.A., INC., who, upon



PLAINTIFF'S EXHIBIT
13

information and belief was either operating the HOME DEPOT U.S.A., delivery truck and/or who caused additional injuries to , ?????? , Pamela George, by physically manipulating her in a careless manner, immediately subsequent to the accident

III

Plaintiff avers that all ?? ?????, MIKE KOSPELICH AND CHRIS ROME ?. ?? ?, officers or employees of HOME DEPOT U.S.A., INC. and acting within the course and scope of their employment with HOME DEPOT U.S.A., INC. and all acts of negligence alleged in this petition are imputable to their employer under the legal theory of *respondeat superior*

IV.

Plaintiff avers that on or about May 11, 1999, at approximately 11 45 a.m she was operating her 1995 Toyota Corolla in a westerly direction on the North I-10 Service Road at Read Boulevard, and at all pertinent times her six-year-old minor daughter, KAYCIE GEORGE, was an occupant of the vehicle.

V.

Plaintiff avers that as she proceeded west on the Service Road, at approximately 150 feet short of the intersection with Read Boulevard, her vehicle was involved in the accident which forms the basis of this petition.

VI.

Plaintiff avers with particularity that as she operated her vehicle on the Service Road headed toward Read Blvd., there was a parked or temporarily stopped HOME DEPOT truck in a driveway at "The Palms Apartments" which entered the roadway in front of plaintiff, creating a situation

wherein an impact would become unavoidable unless plaintiff took evasive action

### VII

Plaintiff avers that she swerved to the left to avoid the HOME DEPOT truck and in so doing lost control of the vehicle she was operating, and upon information and belief, hydroplaned on a wet road, across the Service Road to the eastbound lane and traverses the westbound lane of the I-10 Service Road and struck a tree located in front of The Palms Apartment complex.

### VIII.

Plaintiff avers that upon information and belief her vehicle may have been tapped by the HOME DEPOT delivery truck, but that the contact between her vehicle and the HOME DEPOT truck, if any contact was made, was minimal

### IX.

Plaintiff avers that the accident and injuries sustained by her were caused through no fault of her own, but as a direct result of the negligence of the MIKE KOSPELICH AND/OR CHRIS ROME in the particulars itemized below, but not limited to the following:

a.    Failing to maintain a proper lookout under the circumstances,

b.    Failing to yield the right of way under the circumstances;

c.    Failing to see what should have been seen under the circumstances;

d.    Failing to exercise the degree of care mandated by law for a vehicle entering a roadway from private driveway in contravention of L.S.A. 32:124 under the circumstances;

e.    Failing to maintain control of the vehicle that he was operating under the

-3-

circumstances;

f       Failing to avoid an accident despite the opportunity and the ability to do so under the
        circumstances;

g.      Operating his vehicle at a fast and excessive rate of speed under the then existing
        circumstances;

h.      Operating the vehicle in a willful, wanton and reckless fashion, constituting gross
        negligence without due regard for the lives and safety of others, more particularly
        your plaintiffs PAMELA GEORGE, individually and as the Tutrix of her minor
        daughter, KAYCIE GEORGE, under the circumstances;

i.      Failure to exercise the last clear chance to avoid the collision which forms the basis
        of this claim under the circumstances;

j.      In creating a hazardous and/or dangerous condition under the circumstances;

k.      Any and all other acts of omission or commission consulting negligence to be proved
        at the trial of this cause, all in violation of the Louisiana traffic statutes and the traffic
        ordinances of the Parish of Orleans, State of Louisiana, which are incorporated herein
        as if set forth *in extenso*.

## X.

That alternatively and/or in the conjunctive. MIKE KOSPELICH AND CHRIS ROME alone

or in combination, stopped the vehicle in which they were driving or riding in an effort to render aide

to plaintiffs. That in so doing one or both of the defendants tried to negligently and forcefully

remove plaintiff, Pamela George, from the vehicle which had the effect of worsening and/or

-4-

aggravating her injuries and causing unnecessary additional severe and excruciating pain and suffering for which defendant, Home Depot, is vicar... ...ble

### XI.

Plaintiff avers that the defendants, after creating unreasonable risk of harm, which caused her to lose co... ... vehicle and ultimately crash it into the tree in ... ... Palms Apartment complex, and after negligently attempting to forcefully remove plaintiff, fled the scene of the accident

### XII.

Plaintiff avers that as a result of the accident described in this petition, she sustained serious disabling personal injuries including but not limited to, right ankle medial malleolus fracture; left fifth metacarpal fracture; left tibial plateau fracture; closed head injury; post traumatic stress disorder; and other injuries to be proved upon the trial of this case.

### XIII.

Plaintiff avers that as a result of the accident described in this petition, her minor daughter, KAYCIE GEORGE, also sustained personal injuries and psychic injuries including but not limited to, post traumatic stress disorder.

### XIV

Plaintiff, Pamela George, individually and as the Tutrix of her minor daughter, Kaycie George, avers that as a result of the injuries sustained in this accident, she is entitled to be compensated for her damages including past, present and future physical pain and suffering, mental anguish and distress, in addition to any and all medical expenses incurred and to be incurred; lost wages, loss of

earning capacity, and any and all other such damages as she may be entitled to collect under the
jurisprudence and the laws of the State of Louisiana

## XV

Plaintiff reiterates, reaffirms, reasserts and realleges all the other allegations contained in her
original Petition, except as supplemented and amended herein and except those paragraphs that are
inconsistent herewith, and incorporate said original Petition herein in extenso

## XVI

Petitioner is entitled to and requests a Jury in this matter.

**WHEREFORE**, plaintiff prays that the defendants be served with a copy of this petition and
duly cited to appear and answer same and that after due proceedings had, there be judgment granted
herein in favor of **PAMELA GEORGE**, individually and as the Tutrix of her minor daughter,
**KAYCIE GEORGE**, and against the defendants, **HOME DEPOT U.S.A., INC., MIKE
KOSPELICH, CHRIS ROME AND NATIONAL UNION FIRE INSURANCE COMPANY**,
jointly, severally and *in solido*, in the amount sufficient to compensate them for their general
damages, physical pain and suffering, mental anguish and distress, whether past, present or future;
in addition to all medical expenses, lost wages, and any other damages to which they may be entitled
to under the laws of the State of Louisiana or its jurisprudence

Furthermore, plaintiffs pray for all general and equitable relief and all costs of these
proceedings together with legal interest thereon from date of judicial demand until paid

-6-

Respecfully submitted
CARDONE LAW FIRM
A PROFESSIONAL LAW CORPORATION


CLIFFORD E. CARDONE (# 3874)
829 Baronne Street
New Orleans, Louisiana 70113
Telephone   (504) 581-1394

and

**MICHAEL E. KATZ**
ROBERTS, KATZ & BAUDIER
365 Canal Street, Suite 2700
One Canal Place
New Orleans, Louisiana 70130
Telephone: (504) 522-7791
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing First Amended Complaint has been served on counsel for all represented parties and upon all unrepresented parties by mailing same via First Class, United States Mail, properly addressed and postage prepaid, this **20ᵗʰ  day** of **December 2000.**


CLIFFORD E. CARDONE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually<br>and as the Tutrix of her minor daughter,<br>Kaycie George | : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO.   00-0006 |
| VERSUS | : <br> : | SECTION "T" |
| HOME DEPOT USA, INC.,JOHN DOE,<br>WILLIAM DOE,  SAM DOE<br>and XYZ INSURANCE COMPANY | : <br> : <br> : | MAGISTRATE (5) |

## <u>NOTICE OF HEARING</u>

TO:   **Defendants, Home Depot USA, Inc.,**
      **National Union Fire Insurance Company,**
      **Chris Rome and Mike Kospelich**
      Through their counsel of record,
      Ms.  Deborah W. Fallis
      Heller, Draper, Hayden & Horn, L.L.C.
      650 Poydras Street, Suite 2500
      New Orleans, LA 70130-6103

**PLEASE TAKE NOTICE** that the foregoing Motion To Remand will be brought on for hearing before the ~~Magistrate Judge Alma L. Chasez~~ *United States District Judge G Thomas Porteous*, on the 14th day of **March  2001**,  at ~~11:00~~ *10:00*

**a.m.**, or as soon thereafter as counsel may be heard.

Respectfully submitted:

**CARDONE LAW FIRM**
**A Professional Law Corporation**


_____
**CLIFFORD E. CARDONE (#3874)**
**829 Baronne Street**
**New Orleans, Louisiana  70113**
**(504) 581-1394**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice has been forwarded to all counsel of record by placing a copy of same in the United States Postal Service, postage prepaid, this 23rd day of February 2001, at New Orleans, Louisiana.

CLIFFORD E. CARDONE