FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 20  PM 4:41

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION |
| | § | NO. 00-0006 |
| VERSUS | § § | |
| | § | SECTION "T" |
| HOME DEPOT USA, INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § § | MAGISTRATE (1) |

**MEMORANDUM OF HOME DEPOT U.S.A., INC.
IN OPPOSITION TO MOTION TO REMAND**

This Memorandum is respectfully submitted by Home Depot U.S.A., Inc. ("Home Depot") in opposition to the Motion to Remand and Incorporated Memorandum in Support Thereof (the "Motion") filed in these proceedings by Pamela George, individually and as the Tutrix of her minor daughter, Kaycie George ("George"). This case should not be remanded because diversity has not truly been destroyed.

As noted by George in the Motion, the original complaint was filed by George against Home Depot, a diverse party, and three fictitious parties, consisting of an unnamed insurance company and three individuals, who, although unknown, were said to be citizens of Louisiana. The incident on which the suit is based occurred on May 11, 1999, and the initial lawsuit was filed on November 16,

1999. Thereafter, on or about February 1, 2001, George filed a Supplemental and Amending Complaint (the "Amendment"), substituting two individuals and an insurance company for three fictitious defendants. The new defendants include National Union Fire Insurance Company ("National Union"), which is alleged to be a foreign insurer authorized to do and doing business in Louisiana. The Amendment also adds Mike Kospelich ("Kospelich") and Kristian K. Roane, incorrectly referred to as Chris Rome ("Roane"), but it glaringly omits any reference to their residence.

National Union is not a citizen of Louisiana for the purpose of destroying diversity. Kospelich was a citizen of Louisiana at the time of the accident, but he was a resident of the State of Texas at the time that the Amendment was filed to name him a defendant. With respect to Roane, who does reside in Louisiana, Home Depot submits that George simply sued the wrong person, someone who has no factual connection to the events that gave rise to the harm alleged to occur in the lawsuit. Roane was merely a bystander vis-a-vis Pamela George's injuries, and this can be proven in summary fashion. Some of these issues, as well as a plea of liberative prescription, will be brought by way of a motion to dismiss.

**BACKGROUND**

The affidavits of Kospelich (Exhibit "A"), Roane (Exhibit "B)" and David Perkins[1] ("Perkins") (Exhibit "C") clearly establish indisputable proof that Kospelich and Roane were in

---

[1] David Perkins was employed on May 11, 1999, and remains to date, employed at Home Depot store #352. Perkins is the store's manager of all non-merchandise related departments, including the delivery/truck department of the store.

Kospelich's personal vehicle at the time of the incident, returning to work after lunch, and traveling in their own traffic lane in the direction opposite that of George. Roane and Kospelich were on a lunch break, so they were not in the course and scope of their employment at the time of the incident, although Kospelich was wearing a shirt identifying himself as a Home Depot employee.[2] Home Depot did not direct the activities of Roane or Kospelich during their lunch breaks or with respect to Kospelich's operation of his personal vehicle.

Roane and Kospelich were traveling in the opposite direction from George when they witnessed Pamela George's accident. Immediately after George's car hit a tree, Kospelich, acting as a good Samaritan, pulled his personal pick up truck to the side of the road and attempted to aid Pamela George. Similarly, Roane, Kospelich's passenger, aided Kaycie George. Roane never touched Pamela George. There are no allegations in George's petition for damages that any injury or damage was caused to Kaycie George, independent of the injury to Pamela George.

Neither Roane nor Kospelich were on Home Depot's clock, performing work for, or under the supervision of Home Depot at the time of George's accident, nor were their good Samaritan rescue actions made in the course and scope of their employment. Under these circumstances, there is no known Louisiana theory under which a suit by George against Home Depot could have interrupted the liberative prescriptive period running in favor of Roane and Kospelich. Further, although the claims against Roane and Kospelich arose out of the same factual scenario as the claims brought against Home Depot, the cause of action under the circumstances is separate and distinct.

---

[2]This identifying shirt could have been the cause of George's and/or a witness' confusion concerning the identity of the truck described in George's petition.

George has no evidence regarding who was operating the delivery truck which she alleges caused her to swerve and hit a tree. George's only "eye witness" Ronald Walker, has testified that while driving on the I-10 Expressway he noticed a Home Depot truck "about 60 or 70 feet away" in a driveway leading to the I-10 Service Road.[3] Mr. Walker cannot say who was driving this truck, however. Being without any evidence as to who was driving the truck which George say caused her to swerve, George has no choice but to rely on Home Depot for this information.[4]

George's case then falls apart because the only Home Depot employees at the scene of the accident were Roane and Kospelich who arrived at the scene from the direction opposite that of George, in Kospelich's personal truck.

**DIVERSITY**

General principles of removal indicate that a court considering remand must examine a case as it stands at the time of the petition for removal is filed. *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1992). In diversity cases, diversity is examined at the time the initial suit is filed and at the time of removal. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). If it exists at that time, it is not affected by subsequent changes. *Id.* A person is a citizen of a state for diversity purposes if he is domiciled within that state and is a citizen of the United States. *Coury v. Prot, supra,* 85 F.3d at 248; *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 609 (E.D.La. 1998). A corporation is deemed to be the citizen of any state in which it has been incorporated and

---

[3] See Exhibit D, excerpts of Mr. Walker's deposition, pgs. 67-68.

[4] See Exhibit E, excerpts of Plaintiff's answers to Home Depot's written discovery, and Exhibit E, excerpts from Plaintiffs' original and amending complaint.

4

the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Shief v. Tenet Healthsystem Hospital, Inc.*, 1998 U.S.Dist. LEXIS 19265 (E.D.La. 1998). In addition, with respect to direct actions against insurance companies, the company is deemed to be a citizen of the state of which the insured is a citizen as well the places where it is incorporated and has its principal place of business.[5] *Id.* *Shief* actually involved National Union, and National Union was deemed not to be a citizen of Louisiana where the insured, like Home Depot in this case, was not a citizen of Louisiana.

At the time of the commencement of this lawsuit, and at the time of removal, there clearly was diversity jurisdiction, because the real, named defendant was not a citizen of the same state as George. The Complaint acknowledges that Home Depot is a foreign corporation. The mere naming of fictitious parties alleged to be residents of the forum jurisdiction does not destroy diversity jurisdiction. Under the last sentence of 28 U.S.C. §1441 (a), "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Cobb v. Delta Exports Incorporated*, 186 F.3d 675, 680, fn 11 (5th Cir. 1999). Judge Vance of this District recently read 28 U.S.C. § 1441 (a) in accordance with its literal terms, disregarding other cases that have indicated otherwise. *See Alonzo v. Shoney's, Inc.*, __ F.Supp.2d __, 2001 U.S. Dist. Lexis 348 (01/08/01).

---

[5]The issue of whether an action against an insurer is a "direct action" is a separate legal issue. *See Gonzalez v. Government Employees Insurance Group*, 2000 U.S.Dist. LEXIS 2243 (E.D.La. 2000). The issue need not be reached, however, because the insured in this case, Home Depot, is not a Louisiana citizen for diversity purposes.

5

It is true that George took post removal action designed to destroy diversity, in that it named Roane, a Louisiana citizen, as defendant. George also named Kospelich, who was a Louisiana citizen at the time of the accident, but who clearly was a Texas citizen at the time of the inclusion in the lawsuit. *See* Kospelich affidavit. Home Depot could not locate a case directly dealing with a factual scenario, where a defendant who is a citizen of the plaintiff's state relocates prior to the institution of the action against that person, and Home Depot submits that there is no reason to look to any rule other than the general one requiring an examination at the time of removal or, alternatively, the time that the suit is brought against that defendant. This does not end the inquiry, however, because the addition of a nondiverse defendant to a lawsuit, such as Roane, can have an impact upon diversity jurisdiction in a removed case. *See* 28 U.S.C. § 1347 (e).

In making a jurisdictional assessment, a federal court is not limited to the pleadings. *Coury v. Prot, supra,* 85 F.3d at 249. It may look to any record evidence, and may receive affidavits, depositions and like testimony concerning the facts underlying citizenship. *Id.* Other cases have allowed such inquiries in matters beyond the issue of proof of citizenship. In *Cavallini v. State Farm*, 44 F.3d 256 (5th Cir. 1995), the court dealt with a fraudulent joinder in the initial lawsuit to defeat diversity jurisdiction. Although not directly on point with the instant situation, the Court relied on prior 5th Circuit authority for the proposition that such matters could be addressed by "piercing the pleadings" and conducting a summary judgment type analysis using affidavits and deposition testimony. 44 F.3d at 263. The court reviewed the affidavits and found that the allegations of the petition did not support a claim against the non-diverse defendant, and the court denied remand. The *Cavallini* court also cited *Asociacion Nacional de Pescadores a Pequena Escala oArtesanales de*

6

*Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), cert. denied, 510 U.S. 1041, 114 S. Ct. 685, 126 L.Ed.2d 653 (1994), where affidavit testimony was allowed to aid the court in determining whether the jurisdictional amount requirement for removal had been satisfied where state court pleading rules prohibited a listing of damages in the initial petition. *Cavillini*, 43 F.3d at 264.

In the instant case, it appears necessary to look outside the face of the pleadings from the outset, because the Amendment filed by George makes no allegations as to citizenship of Roane or Kospelich for jurisdictional purposes, and it is facially defective. It should be noted that U.S.C. § 1653 contemplates amendments to deal with incorrect statements about jurisdiction, which is something that George may wish to consider.

**KOSPELICH AND ROANE SHOULD BE DISMISSED**

> The Fifth Circuit has noted that when the court's decision on a motion to amend:
>
> will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming new nondiverse defendant in a removed case, should scrutinize the amendment more closely than an ordinary amendment. . . . For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if the amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

*Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).

*Hensgens* recited this requirement because it believed that the addition of a nondiverse defendant mandated remand. While the case has been modified somewhat in this regard by later U.S. Supreme

Court and other Fifth Circuit cases, the rationale remains the same if the ultimate result of joinder will be the loss of jurisdiction.

Applying the *Hensgens* criteria to this case results as follows:

1. If Roane, and possibly if Kospelich are not dismissed, federal jurisdiction will be destroyed;

2. Plaintiff provided the name "Chris Rome" to Home Depot prior to May 11, 2000, yet Plaintiff did not motion the court to add Rome until the year 2001. Therefore, the motion to add "Rome" was made over 6 months after his identity was known, over 1 year after the original petition was filed, over 13 months after the original petition was filed, and over 18 months after the incident made subject of this litigation;

3. Plaintiff will not be injured at all, much less significantly injured if Roane and Kospelich are dismissed. Based on George's complaint, Roane and Kospelich are joint tortfeasors with Home Depot. Therefore, Roane and Kospelich's comparative negligence can be evaluated without their being parties to this litigation. And, Plaintiff contends that Home Depot's liability is founded on its vicarious liability for its employee's negligence. Therefore, should any liability be assessed against Roane or Kospelich, based on George's allegations, Home Depot will be jointly liable with Roane and Kospelich and George's damages will be assessed against Home Depot. Based on the *Hensgens* analysis, Roane and Kospelich should not be parties to this case and the case should remain in federal court.

In *Denton v. Critikon, Inc.*, 137 FRD 236 (M.D.La. 1991), the court denied the plaintiff the right to amend the complaint to add a nondiverse party that would destroy diversity, attempting to

assert a medical malpractice action against the treating physician involved in a products liability case, where it was doubtful that the doctor would be a joint tortfeasor under Louisiana law. *See also Alcantara v. Prudential Life Ins. Co.*, 75 F.Supp.2d 563, 566 (E.D.Tex. 1999) (where movants would not suffer prejudice because the original defendant was able to satisfy any money judgment.)

The fact that parties may have been joined does not end the inquiry and automatically require remand, if the party that destroys diversity can be dropped. Rule 21 of the Federal Rules of Civil Procedure ("F.R.C.P.") provides in the second sentence that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." A district court may drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction. *See Newman-Green, Inc., v. Alfonzo-Larrain*, 490 U.S. 826, 834, 109 S. Ct. 2218, 2223, 104 L. Ed. 2d 893 (1989); *Aetna Casualty and Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986); *Evert v. Finn*, 2000 U.S. Dist. Lexis 1202 (Clement, J., 02/02/00). Further, although *Newman-Green* involved and approved a Rule 21 dismissal of a defendant to preserve diversity jurisdiction while the case was pending in an appellate court, it noted that "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green* 490 U.S. at 832, 109 S.Ct. at 2223. The rationale of *Newman-Green* was applied to a Rule 21 inquiry involving a removed case in *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir. 1994), which cited *Newman-Green* and *Hensgens*.

In *Casas*, following removal from state court, the pleadings were amended to join a non-diverse party. Pursuant to Rule 21, the *Casas* court dismissed the non-diverse party to preserve and

maintain jurisdiction. *Casas* was cited with approval by the Fifth Circuit on other grounds in *Cobb v. Delta Exports Incorporated, supra*, 186 F.3d at 680. Although *Newman-Green* and *Hillman* predate the *Hensgens* line of cases, the rationale of *Hensgens* clearly is relevant to a Rule 21 inquiry on the issue of what is "just" under the circumstances.

In trying to decide whether a person can be dropped from a lawsuit under Rule 21, the court must determine whether the party to be dropped is a necessary or an indispensable party. *Evert v. Finn*, 2000 U.S. Dist. Lexis 1202, *supra*. If a party is indispensable to the litigation, the court cannot drop the party, with the result being that jurisdiction is defeated if there is no diversity. *Id.* Necessary, but not indispensable, parties, may be dropped at anytime, at any stage in the action to preserve diversity jurisdiction at anytime. *Id.; Rule 21*. Home Depot also submits that the *Hensgens* criteria also should be considered in this context.

Under the Civil Code provisions in force with respect to this litigation, Louisiana has abolished the concept of solidary liability for all but co-conspirators of intentional torts, which has not been remotely alleged in George's complaint, as amended. *See* Louisiana Civil Code article ("La.C.C. art.") 2324. This leaves Roane and Kospelich, at best, as joint tortfeasors. Joint tortfeasors are not indispensable parties to litigation. *Kerr v. Smith Petroleum Co.*, 889 F.Supp. 892 (E.D.La., 1995), citing *Smith v. State*, 620 So.2d 1172, 1179 (La.App. 1st Cir. 1992) and *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987), cert. denied 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113. In such a case, the elimination of a defendant from a lawsuit works no harm to the plaintiff, because comparative negligence can be evaluated without Kospelich or Roane being in the lawsuit. *See* La.C.C. art. 2323; *Evert v. Finn*, 2000 U.S. Dist.

Lexis 1202 (Clement, J., 02/02/00). Further, to the extent that George alleges vicarious liability on the part of Home Depot (which Home Depot denies) on the basis of *respondeat superior* liability for actions of employees, Kospelich and Roane again are not required as parties. *See Shief v. Tenet Healthsystem Hospital, Inc.*, 1998 U.S.Dist. LEXIS 19265, *supra,* slip opinion, p. 6, where this factor weighed heavily against allowing an amendment to add employees.

In *Denton v. Critikon, Inc.*, 137 F.R.D. 236 (M.D.La. 1991), Judge Polozola had before him a case involving a claim for damages arising from products liability. After the suit was removed, the plaintiff sought to add a non-diverse claim against a doctor for medical malpractice arising from the treatment of the person injured due to the allegedly defective product. Even though the Louisiana Civil Code had not been amended to its present state at the time of the decision, the Court noted that it was doubtful that the medical malpractice defendant would be a joint tortfeasor with the product liability defendant, as the causes of action are different. The court denied the amendment, which would have had the effect of defeating diversity jurisdiction and forcing a remand.

George has alleged two different theories for recovery, similar to the situation in *Denton*. Against Home Depot she alleges vicarious liability for damage resulting from a one car accident caused by a person driving a Home Depot delivery "box truck" and independent harm caused by rescuers for which Home Depot is also liable. Against Kospelich and Roane, she alleges negligence in which one or the other drove a Home Depot truck[6] (which negligence, if committed in the course

---

[6] George is not able to present any proof to this Court regarding whether it was Kospelich or Roane who was driving the truck, primarily because neither was driving a Home Depot truck that day or any other.

11

and scope of their employment Home Depot would be vicariously liable for) and for negligence committed after the accident by one or both of them as good Samaritan rescuers.

Kospelich and Roane, as good Samaritan rescuers, are in the same position as the defendant in the *Denton* medical malpractice claim, their alleged liability arising by separate, independent actions taken by them. Consistent with the rationale in *Denton,* they should be dropped from the suit in order to allow Home Depot to continue in a federal forum. Dropping Kospelich and Roane from the federal suit should have no prejudicial effect on George, as her cause of action is different vis-a-vis them, and she is free to attempt to pursue it in state court.[7]

In the instant case, there are even greater fundamental reasons why Roane and Kospelich should be dismissed from the suit. George has clearly pleaded that Roane and Kospelich were rescuers, and under the Louisiana Good Samaritan law, codified in La.R.S. 9:2793, they are personally immune from any civil liability for their actions.[8] When this is coupled with the irrefutable proof that Roane and Kospelich were not acting in the course and scope of their

---

[7] Georges' complaint makes no allegations that Kospelich or Roane's actions were not:(1) In good faith; or (2) Rendered gratuitously; or (3) Emergency care, first aid or rescue at the scene of an emergency, or movement of a person receiving such care, first aid or rescue to a hospital or other place of medical care; and Georges complaint is additionally without allegations that the aide alleged to have been provided by Kospelich or Roane: (4) Was rendered incidental to a business relationship; or (5) That Kospelich or Roane intentionally or by grossly negligent acts or omissions caused damages to Ms. George. Therefore, pursuant to La. R.S. 9:2793, Kospelich and Roane are personally immune from liability to George.

[8] This issue is addressed in a memorandum in support of a motion to dismiss filed in connection with the answers filed by Roane and Kospelich.

employment while returning to work from lunch in a privately owned vehicle, they are not long for this suit under any set of circumstances.

In addition to the Good Samaritan defense, Roane and Kospelich were not named in the lawsuit until more than one year had passed after the accident, which is outside the one year tort prescription period for filing suits on negligence actions.[9] *See* La.C.C. art. 3492. Although the provisions of La.C.C. art. 2324 provide that the filing of a lawsuit against a joint tortfeasor interrupts the running of prescription against other joint tortfeasors, it is clear that George is badly mistaken about the facts surrounding the incident. In this case the filing of a lawsuit against Home Depot cannot result in interruption of prescription against Roane and Kospelich under the irrefutable circumstances, as neither should even be parties to this litigation.

**CONCLUSION**

The Georges' claims against Home Depot are separate and distinct from those against Roane and Kospelich. At best, from the Georges' perspective, Roane and Kospelich are jointly liable with Home Depot to the Georges. By the same token, if the three (3) are jointly liable, by definition, Home Depot's liability is founded on Home Depot's vicarious liability for its employees' actions. Under the circumstances, Roane and Kospelich are dispensable parties who pursuant to Rules 19 and 21 should be dismissed.

The real, and only difference that Roane and Kospelich can make in this case is that if not dismissed, Roane will and Kospelich may destroy federal jurisdiction so that George will be able to

---

[9]This issue also is being addressed in the memorandum being filed in support of Roane and Kospelich's respective motions to dismiss.

13

try this case in the state court rather than the federal court. Based on the unwarranted and unreasonable delay by George in amending the pleadings, coupled with the other factors discussed above, the remand of this case is not justified.

Allowing Roane and Kospelich to remain in the lawsuit just long enough to defeat diversity jurisdiction works a prejudice to Home Depot under the circumstances and denies Home Depot its right to have this case heard in a federal forum. Whether the factors enumerated by *Hensgens* or by Rules 19 and 21 are employed, the clear answer is that this Court should dismiss Roane and Kospelich and maintain jurisdiction over this case.

WHEREFORE, Home Depot U.S.A., Inc. prays that after due proceedings had that this Court dismiss Kristian Roane and Mike Kospelich from this case, retain jurisdiction over this case, and deny Plaintiffs' Motion to Remand.

Respectfully submitted,

_____
DEBORAH W. FALLIS, (T.A.)(Bar #2177)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 or (504) 568-1888

Attorneys for Home Depot U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2001 I served a copy of Home Depot's Memorandum in Opposition to Motion to Remand by fax and by depositing a copy of same in the U. S. Mail, postage prepaid and properly addressed, upon Plaintiffs through their counsel of record: Clifford E. Cardone, Esq., 829 Baronne Street, New Orleans, Louisiana 70112; and Michael E. Katz, Esq., 365 Canal Street, Suite 2700, New Orleans, Louisiana 70130.

_____

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**