FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -3  P 4: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the | § | CIVIL ACTION |
| Tutrix of her minor daughter, Kaycie George | § | |
| | § | NO.  00-0006 |
| VERSUS | § | |
| | § | SECTION "T" |
| HOME DEPOT USA, INC.,  JOHN DOE | § | |
| WILLIAM DOE, SAM DOE and | § | MAGISTRATE (1) |
| XYZ INSURANCE COMPANY | § | |

**KRISTIAN ROANE'S ANSWER TO PLAINTIFFS' ORIGINAL AND
SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Kristian Roane (incorrectly

designated as Chris Rome) ("Roane"), sought to be made defendant herein, who answers Plaintiffs'

Original and Supplemental and Amending Complaints as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Petition fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all materials times herein, Roane was free from fault, negligence or other culpable

conduct.

Fee
Process
X  Dktd
CtRmDep
Doc.No.

### THIRD AFFIRMATIVE DEFENSE

Roane was not driving a truck owned, leased, or on behalf of Home Depot on May 11, 1999, nor has he ever driven a Home Depot delivery truck owned or leased by Home Depot.

### FOURTH AFFIRMATIVE DEFENSE

Roane did not remove or attempt to remove Plaintiff, Pamela George from her car at any time.

### FIFTH AFFIRMATIVE DEFENSE

Roane witnessed Plaintiffs' vehicle hit a tree while Roane was riding as a guest passenger of Michael Kospelich's personal vehicle while Roane and Kospelich were returning to work after lunch.

### SIXTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiffs' action against Roane for damages arising from alleged negligence of Roane which allegedly caused the May 11, 1999 accident has prescribed as Roane was not acting in the course and scope of his employment at the time of the accident made subject of this litigation, and therefore prescription was never suspended or interrupted as to Roane.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' action arising from Roane's alleged attempt to assist Pamela George following Ms. George's May 11, 1999 collision with the tree is also prescribed. Roane would not have been acting in the course and scope of his employment with Home Depot when he allegedly attempted to render aid to Pamela George, and therefore prescription was never suspended or interrupted as to Roane.

### EIGHTH AFFIRMATIVE DEFENSE

Roane did not attempt to render assistance to Pamela George as he was assisting Ms. Georges child, but regardless of to whom Roane rendered assistance, Roane's assistance was in good faith and

2

gratuitously rendered at the scene of an emergency and therefore by virtue of La. R.S. 9:2793, Roane, a good Samaritan is immune from liability.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' action for Lejeune damages and any other causes of action alleged by Plaintiffs but not specifically addressed by Roane in this answer have also prescribed.

## TENTH AFFIRMATIVE DEFENSE

Petitioner's damages, if any, which are specifically denied, occurred because of the negligence, fault, and/or other culpable conduct of third persons for whom this defendant has no legal responsibility, or were caused by acts and circumstances outside the control of defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Petitioner's accident, and alleged damages and injuries resulting therefrom, which are specifically denied, were caused by the negligence, fault, comparative fault, contributory negligence, or other culpable conduct of petitioner, Pamela George, which negligence, fault, comparative fault, contributory negligence or other culpable conduct act as a complete bar to any recovery by petitioner, individually and as the tutrix of her minor daughter, Kaycie George, or alternatively, mitigate petitioner's right of recovery, individually and as the tutrix of her minor daughter, Kaycie George, in the following list of non-exclusive particulars, to-wit:

a)     Failure to see what she should have seen;
b)     Failure to exercise due caution;
c)     Failure to act as a reasonable person would under the same or similar circumstances;
d)     Failure to operate her vehicle in a safe and prudent manner;
e)     Failure to maintain proper control of her vehicle;

3

f)     Operating her vehicle at an excessive rate of speed for the prevailing circumstances;

g)     Failure to avoid an accident when she had the last clear chance to do so;

h)     Failure to take the proper actions, of which she was capable, to prevent the occurrence of the alleged accident;

i)     Failure to avoid a collision;

j)     Failure to properly maintain her vehicle; and,

k)     Failure to secure Kaycie George in a seat belt or car seat; and,

l)     Any and all other acts, failures to act or negligent acts which may be proven at or prior to the trial of this matter.

## TWELFTH AFFIRMATIVE DEFENSE

Petitioner has failed to mitigate any damages she may have suffered, individually and as the tutrix of her minor daughter, Kaycie George, the existence of which damages is denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

AND NOW, further answering, your answering defendant, Kristian Roane, answers Plaintiff's Original and Supplemental and Amending Complaints, paragraph by paragraph, as follows:

1.     The allegations of paragraph I of the Supplemental and Amending Complaint are denied.

2.     The allegations of paragraph II of the Original Complaint are denied.

3.     The allegations of paragraphs III, IV, V, VI, and VII of the Supplemental and Amending Complaint are denied.

4.     The allegations of paragraph VIII of the Supplemental and Amending Complaint are denied as written.

5.    The allegations of paragraphs IX, X, XI, XII, XIII and XIV of the Supplemental and Amending Complaint are denied

6.    The allegations of paragraphs  XV and XVI of the Supplemental and Amending Complaint do not appear to require a response from your answering defendant, but in an abundance of caution the allegations of paragraphs XV and XVI of the Supplemental and Amending Complaint are denied.

7.    The allegations of paragraphs XV and XVI of the Original Complaint are denied.

8.    The allegations of paragraphs XVII, XVIII, and XIX of the Original Complaint do not appear to require a response from your answering defendant as said allegations are questions of law and call for conclusions of law, but in an abundance of caution, the allegations of paragraphs XVII, XVIII, and XIX of the Original Complaint are denied.

9.    The allegations of paragraph XX of the Original Complaint do not appear to require a response from your answering defendant, but in an abundance of caution, the allegations of paragraph XX of the Original Complaint are denied.

10.    The allegations of paragraph  XXI of the Supplemental and Amending Complaint do not appear to require a response from your answering defendant, but in an abundance of precaution the allegations of paragraph XXI of the Supplemental and Amending Complaint are denied.

11.    To the extent the prayer for relief requires an answer from your answering defendant, Roane denies the allegations contained therein.

5

12.    Defendant is entitled to and requests trial by jury.

**WHEREFORE,** defendant, Kristian Roane prays that his answer and affirmative defenses

be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in

favor of your answering defendant and against petitioner, Pamela George, individually and as the

tutrix of her minor daughter, Kaycie George, dismissing petitioner's Original and Supplemental and

Amending Complaints with prejudice and at her costs.  Your answering defendant further prays for

all general and equitable relief to which it may be entitled and further reserves the right to amend this

Answer or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues.

Your answering defendant further prays for trial by jury.

Respectfully submitted,

_____

DEBORAH W. FALLIS, (T.A.)(Bar #2177)
CHERIE L. GIVENS (Bar #25683)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 or (504) 568-1888
**Attorneys for Kristian Roane**

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of May, 2001, I served a copy of Kristian Roane's answer to Plaintiffs' original and supplemental and amending complaints by facsimile and by depositing a copy of same in the U. S. Mail, postage prepaid and properly addressed, upon Plaintiffs through their counsel of record: Clifford E. Cardone, Esq., 829 Baronne Street, New Orleans, Louisiana 70112; and Michael E. Katz, Esq., 365 Canal Street, Suite 2700, New Orleans, Louisiana 70130.

_____

F:\USERS\DWF\homedepot\George\Pleadings\2001-02-26 Answer to Petition Rome.wpd