

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § § | CIVIL ACTION<br><br>NO. 00-0006 |
| versus | § § | SECTION "T" |
| HOME DEPOT U.S.A., INC., INC., JOHN DOE, WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § § § | MAGISTRATE (1) |

### MICHAEL KOSPELICH'S ANSWER TO PLAINTIFFS' ORIGINAL AND SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Michael Kospelich ("Kospelich"), a citizen of the State of Texas, sought to be made defendant herein, answers Plaintiffs' Original and Supplemental and Amending Complaints as follows:

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all materials times herein, Kospelich was free from fault, negligence or other culpable conduct.

## THIRD AFFIRMATIVE DEFENSE

Petitioner's damages, if any, which are specifically denied, occurred because of the negligence, fault, and/or other culpable conduct of third persons for whom this defendant has no legal responsibility, or were caused by acts and circumstances outside the control of defendant.

## FOURTH AFFIRMATIVE DEFENSE

Petitioner's accident, if any, and alleged damages and injuries resulting therefrom, which are specifically denied, were caused by the negligence, fault, comparative fault, contributory negligence, or other culpable conduct of petitioner, Pamela George, which negligence, fault, comparative fault, contributory negligence or other culpable conduct act as a complete bar to any recovery by petitioner, individually and as the tutrix of her minor daughter, Kaycie George, or alternatively, mitigate petitioner's right of recovery, individually and as the tutrix of her minor daughter, Kaycie George, in the following list of non-exclusive particulars, to-wit:

- a) Failure to see what she should have seen;
- b) Failure to exercise due caution;
- c) Failure to act as a reasonable person would under the same or similar circumstances;
- d) Failure to operate her vehicle in a safe and prudent manner;
- e) Failure to maintain proper control of her vehicle;
- f) Operating her vehicle at an excessive rate of speed for the prevailing circumstances;
- g) Failure to avoid an accident when she had the last clear chance to do so;
- h) Failure to take the proper actions, of which she was capable, to prevent the occurrence of the alleged accident;
- i) Failure to avoid a collision;
- j) Failure to properly maintain her vehicle;
- k) Failure to secure Kaycie George in a seat belt or car seat; and,

l) Any and all other acts, failures to act or negligent acts which may be proven at or prior to the trial of this matter.

## FIFTH AFFIRMATIVE DEFENSE

Petitioner has failed to mitigate any damages she may have suffered, individually and as the tutrix of her minor daughter, Kaycie George, the existence of which damages is denied.

## SIXTH DEFENSE

Plaintiff's claim for damages arising from defendants alleged attempt to assist Ms. George following Ms. George's collision with the tree are prescribed.

## SEVENTH DEFENSE

Kospelich's emergency rescue efforts were rendered gratuitously and in good faith at the scene of the emergency and therfore, by virtue of La. R.S. 9:2793, he is immune from liability stemming therefrom.

## EIGHTH DEFENSE

**AND NOW,** further answering, your answering defendant, Michael Kospelich, answers petitioner's Original and Supplemental and Amending Complaints, paragraph by paragraph, as follows:

1. The allegations of paragraph I of the Supplemental and Amending Complaint are denied.

2. The allegations of paragraph II of the Original Complaint are denied.

3. The allegations of paragraphs III, IV, V, VI, and VII of the Supplemental and Amending Complaint are denied.

4. The allegations in paragraph VIII of the Supplemental and Amending Complaint are denied as written.

5. The allegations of paragraphs IX, X, XI, XII, XIII and XIV of the Supplemental and Amending Complaint are denied.

6. The allegations of paragraphs XV and XVI of the Supplemental and Amending Complaint do not appear to require a response from your answering defendant, but in an abundance of caution the allegations of paragraphs XV and XVI of the Supplemental and Amending Complaint are denied.

7. The allegations of paragraphs XV and XVI of the Original Complaint are denied.

8. The allegations of paragraphs XVII, XVIII, and XIX of the Original Complaint do not appear to require a response from your answering defendant as said allegations are questions of law and call for conclusions of law, but in an abundance of caution, the allegations of paragraphs XVII, XVIII, and XIX of the Original Complaint are denied.

9. The allegations of paragraph XX of the Original Complaint do not appear to require a response from your answering defendant, but in an abundance of precaution, the allegations of paragraph XX of the Original Complaint are denied.

10. The allegations of paragraph XXI of the Supplemental and Amending Complaint do not appear to require a response from your answering defendant, but in an abundance of precaution the allegations of paragraph XXI of the Supplemental and Amending Complaint are denied.

11. To the extent the prayer for relief requires an answer from your answering defendant, Kospelich denies the allegations contained therein.

12. Defendant is entitled to and requests trial by jury.

**WHEREFORE,** defendant, Micheal Kospelich prays that his answer and affirmative defenses be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of your answering defendant and against petitioner, Pamela George, individually and as the tutrix of her minor daughter, Kaycie George, dismissing petitioner's Original and Supplemental and Amending Complaints with prejudice and at her costs. Your answering defendant further prays for all general and equitable relief to which it may be entitled and further reserves the right to amend this Answer or file incidental pleadings, if appropriate, as prescribed by law, as discovery continues. Your answering defendant further prays for trial by jury.

Respectfully submitted,

_____
DEBORAH W. FALLIS, (T.A.)(Bar #2177)
CHERIE L. GIVENS (Bar #25683)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 • (504) 568-1888
**Attorneys for Michael Kospelich**

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2001, I served a copy of Michael Kospelich's answer to Plaintiffs' original and supplemental and amending complaints by depositing a copy of same in the U. S. Mail, postage prepaid and properly addressed, upon Plaintiffs through their counsel of record: Clifford E. Cardone, Esq., 829 Baronne Street, New Orleans, Louisiana 70112; and Michael E. Katz, Esq., 365 Canal Street, Suite 2700, New Orleans, Louisiana 70130.

_____

F:\USERS\DWF\Homedepot\George\Pleadings\2001-03-07 II Answer to Petition Kosp.wpd