```
                                          FILED
                                    U.S. DISTRICT COURT
                                   EASTERN DISTRICT OF LA

                                   2001 MAY -8 PM 4:34

                                     LORETTA G. WHYTE
                                          CLERK
```



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION |
| | § | NO. 00-0006 |
| VERSUS | § § | |
| | § | SECTION "T" |
| HOME DEPOT USA, INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § | MAGISTRATE (5) |

### MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES AND FOR INDEPENDENT MEDICAL EXAMINATION OF PAMELA GEORGE PRIOR TO SURGERY

Home Depot U.S.A., Inc. ("Home Depot"), through undersigned counsel, respectfully requests that this Court require plaintiff to supplement her discovery responses in accordance with Federal Rule of Civil Procedure 26(e) and submit to an independent medical examination ("IME") prior to surgery. Home Depot's knowledge of the doctor now claimed to be performing the surgery of Plaintiff was received on April 5, 2001. Although requested, Plaintiff's counsel has refused to provide medical records regarding Plaintiff's treatment, other than a single medical note dated October 4, 2000, which was first received by the undersigned on May 7, 2001, Plaintiff has not supplemented her initial discovery responses submitted on May 8, 2000.



1.

This litigation stems from an automobile accident which Plaintiff, Pamela George alleges both physical and mental injury to herself and her daughter.

2.

Plaintiff provided incomplete discovery responses on May 18, 2000. These responses failed to note prognosis or diagnosis, dates of treatment, and did not mention any treatment with a "Dr. Robertson." On April 5, 2001, Plaintiff informed Home Depot that she was going to have "left hand" surgery performed by Dr. Robertson "in five weeks." (Please see attached letter marked Exhibit A.) As Dr. Robertson was not mentioned in discovery responses Home Depot was unaware of Plaintiff's treatment with this doctor.

3.

On April 30, 2001, Plaintiff's counsel met with counsel for Home Depot, Deborah Fallis, and agreed to provide Home Depot with the medical records from Dr. Robertson in time for Home Depot to submit these records to a physician who would then perform a pre-surgical IME of Plaintiff. A letter was sent to Plaintiff's counsel on May 1, 2001 confirming this conversation and noting that these records were necessary to provide to the independent medical examiner Home Depot wished to have examine Plaintiff prior to her surgery. (Please see attached letter marked Exhibit B.)

4.

On May 4, 2001, Counsel for Home Depot received a letter from Plaintiff's counsel stating:

> "[P]lease be advised that I am not aware of any federal rules which requires me to provide medical records, which are not in my possession to a defendant prior to the scheduling of an IME. . . . I

> have looked at the Rules of Federal Procedure regarding supplementation of discovery responses. The medical records which are in my possession have been made available to you for inspection and photocopying. While I intend to obtain updated medical records for Ms. George, I have no reason to obtain them at this time."

(Please see attached letter marked Exhibit C.) It should be noted that no medical records or any discovery supplementation to Plaintiff's May 8, 2000 discovery answers have ever been received.

5.

On May 7, 2001, Home Depot sent a written request that Plaintiff comply with Federal Rule of Civil Procedure 26(e) and update her discovery responses to reflect the physicians, treatment, diagnosis, prognosis and times of treatment through the present which were previously requested in interrogatories 10, 11 and 12 and requesting a discovery conference be held at 3:30p.m. that day to work out a plan to get the records needed to evaluate Plaintiff's injury and have the IME performed prior to surgery. This letter also requested the date of the surgery and that time be allowed for the records to be obtained since Plaintiff's counsel would not produce them as earlier agreed. (The complete discovery propounded to Plaintiff on January 27, 2000 is attached hereto and marked as Exhibit D.)

6.

On May 7, 2001, at 3:30, counsel for Home Depot initiated the discovery conference and was told that both Plaintiff's counsel and his paralegal were in a meeting and neither could be disturbed. A message was left with the receptionist stating the purpose of the call.

7.

A letter was received later that day from Plaintiff's counsel which did not address the supplementation request, but stated, "if you think that I micromanage my client's medical treatment to the extent that I have current, updated copies of all medicals at all times, then you do not understand a plaintiff's counsel's practice. As defense counsel, you are always free to submit the appropriately worded release to get medical records on your own." (This letter is attached as Exhibit E.) This letter also noted for the first time that Plaintiff's surgery was delayed. The letter stated, "I just spoke with Ms. George and was advised that while her surgery was originally scheduled for next week, the surgery was been set back for four weeks by Dr. Robertson's office. I do not know why."

8.

No response was given to Home Depot's request that the outdated discovery be supplemented or that time be allowed for Home Depot to gather the remaining records from unknown providers and schedule an IME prior to Plaintiff's surgery.

9.

This information requested is crucial to Home Depot's preparation of this matter and is necessary to enable Home Depot to obtain the medical records which Plaintiff has refused to obtain and forward. If Plaintiff does not supplement the discovery, Home Depot has no way of knowing all of the physicians she treats with and cannot properly prepare the independent medical examiner to examine Plaintiff.

10.

Further, if Plaintiff is not required to submit to the IME, Home Depot may be further prejudiced in this matter as Plaintiff's pre-operative condition and the determination of whether surgery is necessary will be unknown, and the ability to determine it will be lost. This will prejudice Home Depot in this matter.

**WHEREFORE**, Home Depot U.S.A., Inc. prays that this Court order Plaintiff to supplement her answers to interrogatories and responses to request for production of documents to reflect all physicians and hospital or other health care providers seen following the incident and that this Court further require Plaintiff to submit to an independent medical examination prior to her wrist surgery so that her medical condition may be determined and Home Depot is not surprised or prejudiced and for all other relief that is just and equitable.

Respectfully submitted,

_____
DEBORAH W. FALLIS, (Bar #2177)
CHERIE L. GIVENS, (Bar #25683)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 or 568-1888

Attorneys for Home Depot U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel Supplemental Discovery Responses and for IME has been served upon Clifford E. Cardone, Esq., 829 Baronne Street, New Orleans, Louisiana 70112, by facsimile; and upon Michael E. Katz, Esq., 365 Canal Street, Suite 2700, New Orleans, Louisiana 70130; by placing a copy of same in the U.S. Mail, postage prepaid, this ___ day of May, 2001.

F:\USERS\DWF\Homedepot\George\Pleadings\2001-05-08 Motion to Compel IME.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George § § § | CIVIL ACTION NO. 00-0006 |
| VERSUS § § | SECTION "T" |
| HOME DEPOT U.S.A., INC., INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY § § § | MAGISTRATE (5) |

~~ORDER~~ *NOTICE*

Considering the foregoing **Motion to Compel Supplemental Discover Responses And Pre-Surgical Independent Medical Examination of Pamela George** filed by Home Depot U.S.A., Inc.

**IT IS ORDERED** that on the **23rd** day of **May** at **11:00 a.m.** Plaintiff show cause why Plaintiff should not be required to supplement Plaintiff's May 8, 2000 answers to Home Depot's discovery; why Plaintiff should not be required to provide medical documentation substantiating the treatment and necessity of Plaintiff's proposed left wrist surgery; and why Plaintiff's left wrist surgery should not be delayed until Home Depot has had a reasonable opportunity to have an independent medical examination of Ms. George conducted.

New Orleans, Louisiana this 8th day of May, 2001.

MAGISTRATE JUDGE ALMA L. CHASEZ
UNITED STATES DISTRICT COURT

DEBORAH W. FALLIS, (Bar #2177)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 or (504) 568-1888
*Attorneys for Home Depot U.S.A., Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | § § § | CIVIL ACTION |
| | § | NO. 00-0006 |
| VERSUS | § § | SECTION "T" |
| HOME DEPOT USA, INC., JOHN DOE WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | § § § | MAGISTRATE (5) |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES AND FOR INDEPENDENT MEDICAL EXAMINATION OF PAMELA GEORGE**

Home Depot U.S.A., Inc. submits the following in support of its Motion to Compel Supplemental Discovery Responses and For Independent Medical Examination of Pamela George.

**I. BACKGROUND**

This litigation stems from an automobile accident which Plaintiff, Pamela George, alleges both physical and mental injury to herself and her daughter. Plaintiff provided incomplete discovery responses on May 18, 2000. These responses failed to note prognosis or diagnosis, dates of treatment, and did not mention any treatment with a "Dr. Robertson." On April 5, 2001, Plaintiff informed Home Depot that she was going to have "left hand" surgery performed by Dr. Robertson

"in five weeks." (Please see attached letter marked Exhibit A.) As Dr. Robertson was not mentioned in Plaintiff's discovery responses, Home Depot was unaware of Plaintiff's treatment with this doctor.

On April 30, 2001, Plaintiff's counsel met with counsel for Home Depot, Deborah Fallis, and Plaintiff's counsel agreed to provide Home Depot with the medical records from Dr. Robertson in time for Home Depot to submit these records to a physician who would then perform a pre-surgical IME of Plaintiff. A letter was sent to Plaintiff's counsel on May 1, 2001 confirming this conversation and noting that these records were necessary to provide to the independent medical examiner Home Depot wished to have examine Plaintiff prior to her surgery. Please see attached letter marked Exhibit B.

On May 4, 2001, Counsel for Home Depot received a letter from Plaintiff's counsel stating

> "[P]lease be advised that I am not aware of any federal rules which requires me to provide medical records, which are not in my possession to a defendant prior to the scheduling of an IME. . . . I have looked at the Rules of Federal Procedure regarding supplementation of discovery responses. The medical records which are in my possession have been made available to you for inspection and photocopying. While I intend to obtain updated medical records for Ms. George, I have no reason to obtain them at this time."

Please see attached letter marked Exhibit C.

On May 7, 2001, Home Depot sent a written request that Plaintiff comply with Federal Rule of Civil Procedure 26(e) and update her discovery responses to reflect the physicians, treatment, diagnosis, prognosis and times of treatment through the present which were previously requested in

2

interrogatories 10, 11 and 12 and requesting a discovery conference be held at 3:30 p.m. that day to work out a plan to get the records needed to evaluate Plaintiff's injury and have the IME performed prior to surgery. This letter also requested the date of the surgery and that time be allowed for the records to be obtained since Plaintiff's counsel would not produce them as earlier agreed. The complete discovery propounded to Plaintiff on January 27, 2000 is attached hereto and marked as Exhibit D.

On May 7, at 3:30, counsel for Home Depot initiated the discovery conference and was told that Plaintiff's counsel and his paralegal were in a meeting and neither he nor his paralegal could be disturbed. A message was left with the receptionist stating the purpose of the call. A letter was received later that day from Plaintiff's counsel which did not address the supplementation request but stated:

> "[I]f you think that I micromanage [sic] my client's medical treatment to the extent that I have current, updated copies of all medicals at all times, then you do not understand a plaintiff's counsel's practice. As defense counsel, you are always free to submit the appropriately worded release to get medical records on your own."

This letter is attached hereto as Exhibit E.

This letter also noted for the first time that Plaintiff's surgery was delayed. The letter stated, "I just spoke with Ms. George and was advised that while her surgery was originally scheduled for next week, the surgery was been set back for four weeks by Dr. Robertson's office. I do not know why."

No response was given to Home Depot's request that the outdated discovery be supplemented or that time be allowed for Home Depot to gather the remaining records from unknown providers and schedule an IME prior to Plaintiff's surgery.

3

## II. LAW

Plaintiff is required to supplement her responses by Federal Rule of Civil Procedure 26(e) which requires:

> (e) **Supplementation of Disclosures and Responses**. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or on the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is **incomplete** or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.
>
> (2) A party is under a duty **seasonably to amend a prior response to an interrogatory,** request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Without supplementation, Home Depot has no way of determining who Plaintiff is treating with and cannot obtain her medical records independently. Counsel for Plaintiff is unwilling to

4

provide Home Depot with the information necessary to evaluate the status of Plaintiff's medical condition, with whom she is treating and the necessity and the date of her planned surgery.

Further, the purpose of Federal Rule of Civil Procedure 26 is to avoid this type of problem. In Reed v. Iowa Marine, the Fifth Circuit Court of Appeals stated that "the Rule's basic purpose of preventing prejudice and surprise." Reed v. Iowa Marine, 16 F.3d 82 (La. Ct. App. 5th Cir. 1994). at 85. In Reed, there was a dispute regarding answers to interrogatories which failed to note the Plaintiff's numerous prior treating physicians. The truth of this came out in depositions.

The type of stonewalling seen here has been sanctioned in Proshee v. Tidewater Marine, Inc., 927 F. Supp. 959 (La. E.D. 1996). In Proshee, Defendant was awarded sanctions because counsel for plaintiff, who was notified of defense's desire for the IME, cancelled the IME which was then rescheduled and had surgery performed in the interim. The Court awarded defense counsel $5,000.00 finding that the defense was "seriously prejudiced in this matter by plaintiff's unilateral decision to undergo surgery prior to the scheduled IME." Id. at 961.

The Proshee Court went on to note that this behavior caused causation problems stating:

> "[I]t is the opinion of the Court that Mr. Kaplan [Plaintiff's counsel] has caused numerous problems both for defense counsel as well as his own client. The lack of an IME has postponed all future needed surgeries and has also created causation problems for his client. Further, this incident has wasted defendant's counsel's time, as well as the Court's, in order to bring this matter to the Court's attention."

Id. at 962.

### III. CONCLUSION

Home Depot U.S.A., Inc. will be prejudiced if Plaintiff is not required to supplement her discovery. The supplementation is required by Federal Rule of Civil Procedure 26(e). To allow Plaintiff to undergo surgery without an IME will prejudice Home Depot in this matter. Plaintiff should be required to supplement her discovery responses and submit to an IME.

Respectfully submitted,

_____
DEBORAH W. FALLIS, (T.A.) (Bar #2177)
CHERIE L. GIVENS, (Bar #25683)
**Heller Draper Hayden Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 581-9595 or (504) 568-1888
*Attorneys for Home Depot U.S.A., Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel Supplemental Discovery Responses and for IME has been served upon Clifford E. Cardone, Esq., 829 Baronne Street, New Orleans, Louisiana 70112; by facsimile; and upon Michael E. Katz, Esq., 365 Canal Street, Suite 2700, New Orleans, Louisiana 70130; by placing a copy of same in the U.S. Mail, postage prepaid, this 8th day of May, 2001.

_____

F:\USERS\DWF\Homedepot\George\Pleadings\Memo to compel IME & disc resp.wpd

6

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**