UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | : : : : | CIVIL ACTION NO.   00-0006 |
| VERSUS | : : | SECTION "T" |
| HOME DEPOT USA, INC.,JOHN DOE, WILLIAM DOE,  SAM DOE and XYZ INSURANCE COMPANY | : : : | MAGISTRATE |

## PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

*MAY IT PLEASE THE COURT:*

Defendant's Motion to Compel is premature and misstates and mischaracterizes events and discussions which have occurred.   Neither Ms. George, nor her undersigned counsel have ever opposed or attempted to frustrate a compulsory independent medical exam.  Home Depot has **never scheduled such an exam**.  Home Depot has **never advised plaintiff of the name of the IME doctor**.  Home Depot has **never asked Ms. George to be available for an exam**.

I.   *Home Depot's complaints of discovery abuse are nothing more than a pre-emptive attempt to disguise its own discovery abuse.*

Home Depot, USA, Inc. is the party who has refused to comply with the Discovery Rules. Home Depot, USA, Inc. is the party who has destroyed or otherwise unable to produce records

1

which would establish the location of all Home Depot trucks in the New Orleans area. [1]

Home Depot continues to interfere with the progress of this case by causing side diversions, which take the efforts of all counsel and the courts away from the issues of liability and damages whenever possible. Nearly two years after this lawsuit was filed - only one deposition has taken place and that deposition was of a witness - not any of the parties to this litigation.

**Home Depot has delayed plaintiff's requests for a 30(b)(6) deposition** from the beginning. First, Home Depot refused to provide the documents necessary for a meaningful 30(b)(6) deposition on a spurious claim that the truck driver policy and procedure manuals were "trade secrets". Once plaintiff received these documents, upon order of the court, plaintiff attempted to schedule the 30(b)(6) deposition of Home Depot. See March 27, 2001 Correspondence - "I therefore request that you provide me with a date and time to schedule the 30(b)(6) deposition of Home Depot in the above matter." [2]

**Home Depot has delayed plaintiff's requests for the depositions of Kospelich and Roane** (the alleged driver and helper of the Home Depot truck) since December 2000. (See Correspondence from Ms. Fallis, dated **December 6, 2000** - "These developments complicate

---

[1] Counsel for Home Depot has stated that Daily Trip Logs cannot be located, in either hard copy or on computer disk. Home Depot was placed on informal notice that a lawsuit might be filed, on May 11, 1999, the date of the accident, when Ms. George's brother went to the Home Depot store in New Orleans East and interviewed a manager, presumably Roy Lucas. Ms. George's brother advised the Home Depot manager that a Home Depot truck caused his sister's accident. Home Depot was placed on formal notice of this accident on November 16, 1999, when the Original Complaint was first served. Nonetheless, Home Depot advises that it no longer has possession of any Daily Trip Logs for the date of the accident, May 11, 1999. As Defendant is fully aware, based on Requests for Admissions served on Home Depot in early May regarding the destruction of these documents, plaintiff intends to file a Motion for Sanctions for spoliation of evidence. The instant Motion to Compel filed by Home Depot is nothing more than a pre-emptive strike to place Home Depot in a better light prior to the filing of plaintiff's motion for sanctions due to spoliation of evidence.

[2] See Exhibit 1 - Correspondence from Cliff Cardone dated March 27, 2001.

your request that Messrs. Rome and Kospelich present for deposition on December 18, and due to these complications I have suggested that Messrs. Rome and Kospelich's depositions be scheduled following service of the Georges amended petitions on them, and resolution of the parties pending discovery motions."[3]

Kospelich and Roane waived service of summons in December 2000, and they recently filed an Answer; however, despite our requests since December, their depositions have not been scheduled. Other attempts to schedule the depositions of Kospelich and Roane were made by plaintiff's counsel on a number of occasions during discovery conferences. By May, 2001, plaintiff's counsel became aware that all communication with Ms. Fallis must be in writing, in order to avoid later misstatement of the facts by her. Accordingly, on May 1, 2001, correspondence was sent to Ms. Fallis providing dates in July for the depositions of Kospelich, Roane, and Scott Shields, a well as the 30(b)(6) deposition.[4] Ms. Fallis responded that she was "in the process of contacting Messrs Shields, Kospelich, and Roane but that she didn't agree with the scheduling of the 30(b)(6) deposition in July.[5]

Subsequent correspondence continued to flow between counsel and on May 7, 2001, Ms. Fallis continued to represent that she "was able to get in touch with Kris Roane last week but not Mike Kospelich".[6] Even though she stated that she did get in touch with Mr. Roane, it should be noted that she **still did not confirm his deposition**. Ms. Fallis concluded her May 7, 2001

---

[3] See Exhibit 2 - December 6, 2000 Correspondence from Debbie Fallis.

[4] See Exhibit 3 - Correspondence from Cliff Cardone dated May 1, 2001.

[5] See Exhibit 4 - Correspondence from Ms. Fallis dated May 2, 2001.

[6] See Exhibit 5 - Correspondence from Ms. Fallis dated May 7, 2001.

3

correspondence by stating "I will continue my efforts to contact Mr. Kospelich, and as soon as I get a date or dates confirmed, I will contact you." It should be further noted that as of today's date, **May 15, 2001,** Ms. Fallis has not made any further contact with plaintiff's counsel regarding the scheduling of Messrs. Kospelich or Roane's depositions, or regarding the scheduling of the 30(b)(6) deposition.

In an effort to move this case forward, plaintiff has been left with no alternative but to notice these depositions, and send copies of the notice to defendant, Home Depot, through its counsel of record. Ms. George respectfully requests that the Court order Home Depot to appear with the appropriate representatives and with its employees, Kospelich and Roane, for the depositions as scheduled.

**II**     *Home Depot has had knowledge since October 2000 that Ms. George required additional surgery. Any effort to delay Ms. George's surgery now is nothing but an attempt to frustrate and harass plaintiff.*

Home Depot was advised on **October 3, 2000** that:

> "Ms. George's physicians are recommending two additional surgeries. In light of the fact that we have still not received your client's discovery responses, taken the 30(b)(6) deposition of your client (which I can't schedule until after I receive Home Depot's discovery responses) . . . I would suggest that we agree to continue the February 2001 trial date."

Accordingly, Home Depot was advised as early as October 3, 2000 that plaintiff needed additional surgeries. Yet it was not until **FIVE MONTHS LATER** that Home Depot requested that Ms. Fallis be provided with at least 20 days notice prior to any future surgeries. In compliance with Home Depot's request for courtesy information about **future** surgeries, plaintiff's counsel

requested that Ms. George advise him if and when any future surgeries were scheduled. On or around **April 5, 2001**, Ms. George advised plaintiff's counsel that her "hand doctor", Dr. Robertson, also of Tulane, had scheduled a surgery to take place in approximately 5 weeks. Correspondence was sent to Home Depot's counsel providing that information. **This was plaintiff's counsel's first awareness that Dr. Robertson was a treating physician. Plaintiff's counsel did not send Ms. George to Dr. Robertson, who is a Tulane physician. Her treating orthopeadist, Dr. Rodriguez sent Ms. George to Dr. Robertson because Dr. Rodriguez was no longer performing hand surgery.** [7]

Defendant complains that plaintiff provided incomplete discovery responses on May 18, 2000. However, to the best of plaintiff's counsel's knowledge and belief, **Ms. George was not treating with Dr. Robertson in May 2000.** Thus, the discovery responses **were complete**. Dr. Robertson was not mentioned in the May 2000 discovery responses because plaintiff was not treating with Dr. Robertson in May 2000. Although undersigned counsel can not say at this time exactly when the first date of treatment with Dr. Robertson occurred, it is believed that the **first treatment was sometime in October 2000.** [8]

Despite being provided with information as early as **April 5, 2001** about the upcoming surgery, Home Depot did not request medical records until four weeks later - **April 30, 2001**, during a discovery conference concerning Home Depot's discovery deficiencies. And, to this date,

---

[7] This information was provided to plaintiff's counsel this week, by Ms. George. Plaintiff's counsel has not yet spoken with Dr. Rodriguez or Dr. Robertson.

[8] Numerous telephone calls have been made to Dr. Robertson's office at Tulane in an attempt to obtain her medical records; however, our office has been advised that they are revamping their medical records and they cannot be accessed right now either in hard copy or on computer disk. As amazing as this seems to be, this is the explanation received from Vicky Hunt, Supervisor, 903-0247. Ms. George believes that she first saw Dr. Robertson sometime in October 2000 and our medical records do contain one chart note from Dr. Robertson dated 10/4/00.

**no IME has ever been scheduled.** Contrary to Home Depot's assertions that the undersigned counsel "agreed" to provide medical records, no agreement was made because undersigned counsel did not know if he, in fact, had those records.

After the discovery conference of **April 30, 2001**, plaintiff's counsel reviewed Ms. George's medical records which were in his possession and discovered that he did not have anything more than one chart note from Dr. Robertson. On **May 3, 2001**, plaintiff's counsel forwarded correspondence to Home Depot's counsel advising that he did not have the medical records from Dr. Robertson and further advising that the Federal Rules regarding supplementation of discovery did not require plaintiff's counsel to obtain records which were not in counsel's possession on defendant's schedule for the purposes of an IME.

On **May 7, 2001**, counsel for Ms. George advised Home Depot's counsel that plaintiff would obtain Dr. Robertson's records and would provide a copy upon receipt.[9]

It is important to realize that Home Depot has sent out **sixteen** subpoenas duces tecum to obtain medical records of Pamela George from various doctors during the course of this litigation. Home Depot could have simply obtained Dr. Robertson's records in the same manner.

Instead, Home Depot's counsel persisted in insisting that it was plaintiff's obligation to provide medical records which were not in the possession of counsel *before surgery*, when it is against the practice of plaintiff's counsel to request medical records from a surgeon *before surgery*. Again, it bears repeating. Defense counsel was quite capable of subpoenaing these records.

However, rather than doing so and moving forward with the real issues involved in this

---

[9] See Exhibit 6 - Correspondence from Cliff Cardone dated May 7, 2001

6

case, defendant chose instead to spend

Rather than continue fighting defendant's nonsensical battle, plaintiff's counsel chose instead to forego his standard practice of requesting medicals *after* surgery and instead go ahead and perform defendant's work by ordering the medical records. On May 7, 2001, plaintiff's counsel forwarded correspondence to defendant's counsel advising, **"I have requested medical records from Dr. Robertson, and when I receive same, I will provide you with a copy. I don't know when I will receive these records."** In an effort to provide defense counsel with the most up-dated information on the surgery, a call was placed to plaintiff to ascertain the exact date of the surgery. During this conversation, undersigned counsel discovered that the surgery had been delayed for four weeks. Accordingly, the surgery is now being scheduled sometime in late May or early June. **This information was provided to defendant's counsel in the May 7, 2001 correspondence.**

Defendant now seeks to force Ms. George to delay her surgery for no reason other than what appears to be a power struggle. Plaintiff's counsel requested the medical records on May 7, 2001. Plaintiff's counsel advised defendant that the records would be produced to defendant as soon as they were received. Still, **no IME has been scheduled**.

Needless time has been wasted writing letters, opposing motions, and more needless time will be wasted appearing in court, all for nothing more than a power struggle. Home Depot wants to delay Ms. George's surgery for no other purpose than harassment. On the other hand, Home Depot has delayed providing plaintiff with available dates for the depositions of Kospelich and Roane and also with an available date for the 30(b)(6) deposition of Home Depot. Conferences, correspondence, and even the last resort filing of notices of deposition have not convinced Home

Depot to agree to produce Kospelich and Roane or to provide a date for the 30(b)(6) deposition of Home Depot.

This matter has been scheduled for trial in April 2002. Only ten months remain to complete discovery and prepare for trial. Yet, Home Depot persists in charging windmills that do not exist. Ms. George, through undersigned counsel, requests this Honorable Court to set limits calling a cease to the game playing. Ms. George, through undersigned counsel, requests this Honorable Court to enter a deposition schedule so that meaningful discovery can take place and this litigation can be finally resolved.

                                      **Respectfully submitted:**

                                      **CARDONE LAW FIRM**
                                      **A Professional Law Corporation**

                                      CLIFFORD E. CARDONE (#3874)
                                      **829 Baronne Street**
                                      **New Orleans, Louisiana 70113**
                                      **(504) 581-1394**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition has been forwarded to all counsel of record by placing a copy of same in the United States Postal Service, postage prepaid this _15th_ day of May, 2001, at New Orleans, Louisiana.

                                      CLIFFORD E. CARDONE

# CARDONE LAW FIRM
A Professional Law Corporation
829 BARONNE STREET
NEW ORLEANS, LOUISIANA 70113

CLIFFORD E. CARDONE
BOB FINKELSTEIN
ROSLYN G. TAYLOR

TELEPHONE: (504) 581-1394
FACSIMILE: (504) 581-7651

WESTBANK LOCATION
405 GRETNA BLVD., STE. 103B
GRETNA, LA 70056
(504) 394-5554

Catherine Hilton
Litigation Manager

March 27, 2001

*Via Facsimile: 522-0949*
Ms. Deborah W Fallis
Heller, Draper, Hayden & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

RE: Pamela George, individually and on behalf of her minor
Daughter Kaycie George vs. Home Depot, et al
USDC No.: 00-0006, Section "T" (5)
Our File No. 99-2499

Dear Debbie

    I am in receipt of and thank you for your March 21, 2001 correspondence transmitting Home Depot's policy and procedure manual. This document brings up a number of questions which must be further explored. I therefore request that you provide me with a date and time to schedule the 30 (b)(6) deposition of Home Depot in the above referenced matter. As soon as we are set on the date for the deposition, I will provide you with the list of areas which plaintiff wishes to explore so that you can determine the appropriate person (s) to produce for the deposition.

    I also received and thank you for your correspondence, also dated March 21, 2001, regarding Home Depot's continued research for documents responsive to Plaintiff's Second Request for Production of Documents. You did not appear at my offices for the discovery conference which was scheduled on March 22, 2001, and I assume that you intended your March 21, 2001 correspondence to serve in lieu of the discovery conference. However, since you have not provided me with any time frame with in which you intend to produce the documents, I again request that we move forward with a discovery conference which I am scheduling for Tuesday, April 3, 2001, at 2.00 p m. at my offices.

    I am sure that you can understand that it is necessary that I promptly move forward with document review and depositions in this case because of the serious nature of my client's injuries and Home Depot's continued position that none of its trucks were at the scene of this accident. If you would like to reschedule the depositions of Ms. George and her family members, please advise me. I look forward to seeing you on April 3, 2001 to resolve these discovery disputes.


PLAINTIFF'S EXHIBIT 1

Ms. Deborah W. Fallis
March 27, 2001
Page Two

With kind regards, I remain

Very truly yours,

CARDONE LAW FIRM
A Professional Law Corporation

Clifford E. Cardone

CEC/scs

# HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C.

HOWARD M. HELLER
BERNARD H. BERINS
DOUGLAS S. DRAPER ‡
WILLIAM H. PATRICK, III
JAN M. HAYDEN
CONSTANT G. MARQUER, III †
DEBORAH WEISLER FALLIS
WARREN HORN

LESLIE A. COLLINS
DREW R. BALLINA
TRISTAN E. MANTHEY
LINDA A. FAUCHEUX
CHERIE L. GIVENS
GRETA M. BROUPHY
JAMIE D. DODDS

ATTORNEYS AT LAW

650 POYDRAS STREET, SUITE 2500

NEW ORLEANS, LOUISIANA 70130-6103

(504) 568-1888 · (504) 581-9595

FAX: (504) 522-0949 · (504) 525-3761

PLEASE REPLY TO NEW ORLEANS OFFICE

Of Counsel
FRED BRONFIN
SYLVAN J. STEINBERG

ISAAC S. HELLER (1895-1967)

BATON ROUGE OFFICE

10636 LINKWOOD COURT
BATON ROUGE, LA 70810
TELEPHONE: (225) 767-1499
FAX: (225) 761-0760

†Also Admitted in Colorado & Wyoming
‡Also Admitted in Colorado & Washington, D.C.



December 6, 2000

**By Facsimile (504) 581-7651**

Clifford E. Cardone, Esq.
829 Baronne Street
New Orleans, LA 70112

      Re:   *Pamela George, Individually and as the Tutrix of her Minor Daughter, Kaycie George v. Home Depot USA, Inc., et al.*
           USDC No. 00-0006, Section "T"(1)
           Our File No. 2350/17254

Dear Cliff:

      This letter is to confirm our telephone conversation of December 5. As we discussed, Messrs. Rome and Kospelich have authorized me to accept service of the Georges' petition on their behalf. As of this morning, my attempts to discuss the service/deposition situation with Mr. Shields have not yet been successful. As we also discussed yesterday, the court has set the parties' mutual discovery motions for oral argument on January 24.

      These developments complicate your request that Messrs. Rome and Kospelich present for deposition on December 18, and due to these complications I have suggested that Messrs. Rome and Kospelich's depositions be scheduled following service of the Georges amended petitions on them, and resolution of the parties pending discovery motions.

      The complications are:

      Since Messrs. Rome and Kospelich are to be added as parties in this matter they are entitled to be served with Plaintiffs' complaint wherein the specific allegations against them are made so that they and others have an opportunity to:

      1.    Determine if they want to consult their own counsel, and if they do wish to do so, to consult their own counsel;

      2.    Notify their own insurers (if any exist), and if their insurers wish to do so, the insurers must be given time to determine the extent that they will become



PLAINTIFF'S EXHIBIT 2

December 6, 2000
Page 2

        involved in this case and to, if appropriate, to retain counsel on Messrs. Rome and Kospelich behalf;

3. If additional counsel is to become involved in this case, they are also due the courtesy of having an opportunity to "get up to speed in this case" and having their clients depositions scheduled at a time convenient for them;

4. Additionally, it is my impression that at deposition Plaintiffs intend to question Messrs. Rome and Kospelich regarding Home Depot's procedures and policies. Under the circumstances, however, Plaintiffs' will not have the benefit of Home Depot's manuals made subject of these pending motions on December 18; and

5. If Plaintiffs intend to question Mr. Kospelich or Mr. Rome regarding any materials that plaintiff is seeking to obtain by virtue of the pending Motion to Compel, I suggest that these depositions be continued until after the pending issues are resolved and plaintiffs have had an opportunity to review whatever documentation they are going to receive.

    Since we now know that Messrs. Rome and Kospelich are going to be brought into this case, but neither I nor Messrs. Rome and Kospelich know the specific allegations which will be made against them, we know that there is a good possibility that other counsel will become involved in this case after Messrs. Rome and Kospelich are "served", and we know that Plaintiffs will not have the documentation that Plaintiffs believe is necessary to conduct complete depositions of these gentlemen it is best that Messrs. Rome and Kospelich's depositions not be taken until these issues are resolved.

    I will I look forward to hearing from you.

                                                            Cordially,

                                                          Deborah W. Fallis

DWF/msg

cc: Michael E. Katz, Esq.
     Ms. Idella Parker (File No. 9-28436A)

F:\USERS\DWF\Homedepot\George\Corres to Plaintiff\2000-12-05 II Cardone.wpd

# CARDONE LAW FIRM
A Professional Law Corporation
829 BARONNE STREET
NEW ORLEANS, LOUISIANA 70113
TELEPHONE: (504) 581-1394
FACSIMILE: (504) 581-7651

CLIFFORD E. CARDONE
BOB FINKELSTEIN
ROSLYN G. TAYLOR
CATHERINE HILTON

Sender's Email: chilton@cardonelaw.com

PLEASE REPLY TO: NEW ORLEANS

WESTBANK LOCATION
405 GRETNA BLVD., STE. 103B
GRETNA, LA 70056
(504) 394-5554

METAIRIE LOCATION
(504) 835-5553

May 1, 2001

*Via Facsimile: 522-0949*
Ms. Deborah W. Fallis
Heller, Draper, Hayden & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

    RE:    Pamela George, individually and on behalf of her minor
             Daughter Kaycie George vs. Home Depot, et al
             USDC No.: 00-0006, Section "T" (5)
             Our File No.: 99-2499

Dear Debbie:

    Enclosed please find a copy of the revised *general* areas which we wish to explore during Home Depot's 30(b)(6) deposition. If this case is remanded, we would like to keep the deposition scheduled and convert it to an Article 1442 deposition.

    As we discussed with you during our discovery conference of April 30, 2001, we would like to schedule the depositions of Scott Shields, Mike Kospelich, and Kristian Roane, as well as the 30(b)(6) deposition, all within the next 45 days.

    We are available to schedule all of these depositions on June 18, 19, 20, 21, 22, 25, 26, or 28. Please let me know which dates you and your witnesses are available. I would like to get these deposition notices filed within the next week and would appreciate your quick response.

    With kind regards, I remain

                             Very truly yours,

                             CARDONE LAW FIRM
                             A Professional Law Corporation

                             Clifford E. Cardone

CEC/scs

**PLAINTIFF'S EXHIBIT 3**

## GENERAL AREAS OF INQUIRY
## HOME DEPOT 30(B)(6) DEPOSITION

**THE BEST PERSON WHO CAN TESTIFY GENERALLY ABOUT ALL POLICIES AND PROCEDURES RELATIVE TO TRUCK DRIVERS WHO DELIVER FOR HOME DEPOT, INCLUDING, BUT NOT LIMITED TO THE FOLLOWING AREAS WHICH ARE DISCUSSED IN HOME DEPOT'S POLICY AND PROCEDURE MANUAL:**

1. Home Depot policies and procedures (whether written or otherwise) regarding training, instructions, and documentation relative to the handling, parking, driving, and operating of the Home Depot delivery trucks

2. Home Depot policies and procedures regarding the completion of documentation and logs relative to deliveries, pick ups, mileage, daily trip logs,

3. Truck Driver Qualifications and Requirements

4. Truck Driver Certification Process

5. Truck Driver violations and disciplines

6. DOT Files, as set forth in Home Depot's policy and procedure manual

7. Hiring Steps and other Personnel Issues

8. Company vehicles, including truck sizes over 10,001 lbs and truck sizes under 10,001 lbs, including types of trucks at each New Orleans area store.

9. Home Depot Vehicle Guidelines and Claims

10. Completion of Daily Checklists and paperwork

11. Company Uniforms

12. Company Vehicle Guidelines for Truck Drivers and Back up Truck Drivers

13. Auto Incident Witness Statements

14. Accident policy and procedures

**PERSONNEL ISSUES, INCLUDING BUT NOT LIMITED TO:**

1. Policies and Procedures for Transfer of Employees from one state to another

2. Personnel files of all Home Depot truck drivers in New Orleans area

3. The contents of the personnel files of Kospelich and Roane.

**HOME DEPOT COMPUTERIZATION POLICIES AND PROCEDURES, INCLUDING BUT NOT LIMITED TO:**

1. Home Depot computerization of delivery documentation, delivery truck mileage, delivery truck usage.

2. Home Depot computerization of employee time records

3. Computerization retention policies

**HOME DEPOT DOCUMENT RETENTION POLICIES AND PROCEDURES, INCLUDING BUT NOT LIMITED TO:**

1. General document retention policies and procedures

2. Retention of delivery documents

3. Retention of DOT records

4. Retention of delivery schedules

**HOME DEPOT SCHEDULING OF TRUCK DRIVERS INCLUDING BUT NOT LIMITED TO:**

1. Method and manner in which deliveries are scheduled, including how far in advance deliveries are scheduled, form of schedule, identification of employees who compile schedules;

2. Computerization of delivery schedules

3. Retention policy for delivery schedules

**HOME DEPOT DELIVERY TRUCKS INCLUDING BUT NOT LIMITED TO:**

1. Document prepared by Debbie Wold regarding the trucks that were in use in the New

Orleans area as of May 11, 1999 and the method and manner utilized by Debbie Wold in determining which trucks were *not* in use as of that date and what trucks were assigned to what stores on May 11, 1999.

**DOT FILINGS:**

1. Identification of employees/managers whose job it is to compile documents for DOT filings;

2. Document retention of DOT filings

3. Frequency of DOT filings.

4. DOT regulations for filing as understood by Home Depot

# HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C.

EDWARD H. HELLER
BERNARD H. BERINS
DOUGLAS S. DRAPER ‡
WILLIAM H. PATRICK, III
JAN M. HAYDEN
CONSTANT G. MARQUER, III †
DEBORAH W. FALLIS
WARREN HORN

LARIJN A. COLLINS
DREW R. BALLINA
TRISTAN E. MANTHEY
LINDA A. FAUCHEUX
CHERIE L. GIVENS
JAMIE D. DODDS

ATTORNEYS AT LAW

650 POYDRAS STREET, SUITE 2500
NEW ORLEANS, LOUISIANA 70130-6103

(504) 568-1888 · (504) 581-9595

FAX: (504) 522-0949 · (504) 525-3761

PLEASE REPLY TO NEW ORLEANS OFFICE

Of Counsel
FRED BRONFIN
SYLVAN J. STEINBERG

ISAAC S. HELLER (1893-1967)

BATON ROUGE OFFICE

10636 LINKWOOD COURT
BATON ROUGE, LA 70810
TELEPHONE: (225) 767-1499
FAX: (225) 761-0760

†Also Admitted in Colorado & Wyoming
‡Also Admitted in Colorado & Washington, D.C.

May 2, 2001

**By Facsimile**

Clifford E. Cardone, Esq.
829 Baronne Street
New Orleans, LA 70112

Re: Pamela George, Individually and as the Tutrix of her Minor Daughter,
Kaycie George v. Home Depot U.S.A., Inc., et al.
USDC No. 00-0006, Section "T"(1)
Our File No. 2350-17254

Dear Cliff:

I am in receipt of your letter of even date. I do not agree with your summary of the proposed 30(b)6 deposition of Home Depot. During our discussions yesterday, I agreed to produce Messrs. Shields, Kospelich, and Roane within the next 45 days. The 30(b)6 deposition is another matter. It was your suggestion that the 30(b)6 of Home Depot be scheduled for August, 2001, and I agreed to this schedule. The reason that we agreed to have these depositions in August was that it was understood that the process of identifying and scheduling the appropriate witnesses was going to involve a great deal of research, and the witnesses who will likely be appropriate do not reside in Louisiana.

I am in the process of contacting Messrs. Shields, Kospelich, and Roane regarding their depositions, and as soon as I am able to contact them I will let you know whether they are available during the 9 day window that you suggest in your letter.

If there is anything that you would like to discuss, please contact me.

Cordially,

Deborah W. Fallis

DWF/lb
cc (By U.S. Mail):
Mr. Danny Bell (No. 9-28436A)
Ms. Elise Danforth (No. 301-011490/128010)

P:\USERS\DWF\Homedepot\George\Corres-Plaintiff\2001-05-01 Cardone.wpd



PLAINTIFF'S
EXHIBIT
4

# HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C.

| | | |
|---|---|---|
| EDWARD H. HELLER JR<br>BERNARD H. BERINS<br>DOUGLAS S. DRAPER ‡<br>WILLIAM H. PATRICK, III<br>JAN M. HAYDEN<br>CONSTANT G. MARQUER, III †<br>DEBORAH WHISLER FALLIS<br>WARREN HORN<br><br>LESLIE A. COLLINS<br>DREW R. BALLINA<br>TRISTAN E. MANTHEY<br>LINDA A. FAUCHEUX<br>CHERIE T. GIVENS<br>JAMIE D. DODDS | ATTORNEYS AT LAW<br><br>650 POYDRAS STREET, SUITE 2500<br>NEW ORLEANS, LOUISIANA 70130-6103<br>(504) 568-1888 · (504) 581-9595<br>FAX: (504) 522-0949 · (504) 525-3761<br><br>PLEASE REPLY TO NEW ORLEANS OFFICE | Of Counsel<br>FRED BRONFIN<br>SYLVAN J. STEINBERG<br>ISAAC S. HELLER (1893-1967)<br><br>BATON ROUGE OFFICE<br><br>10636 LINKWOOD COURT<br>BATON ROUGE, LA 70810<br>TELEPHONE: (225) 767-1499<br>FAX: (225) 761-0760<br><br>†Also Admitted in Colorado & Wyoming<br>‡Also Admitted in Colorado & Washington, D.C |

May 7, 2001

**Via Facsimile**

Clifford E. Cardone, Esq.
829 Baronne Street
New Orleans, LA 70112

    Re:    **Pamela George, Individually and as the Tutrix of her Minor Daughter,
Kaycie George v. Home Depot U.S.A., Inc., et al.
USDC No. 00-0006, Section "T"(1)
Our File No. 2350-17254**

Dear Cliff:

    This letter is in response to your May 7, 2001 comments regarding the depositions of Messrs. Roane and Kospelich. I was able to get in touch with Kris Roane last week but not Mike Kospelich. I have been in Atlanta basically since Thursday on business and a funeral, and I still have your dates marked for those depositions. I will continue my efforts to contact Mr. Kospelich, and as soon as I get a date or dates confirmed, I will contact you.

                                               Cordially,

                                               Deborah W. Fallis

DWF/lb

cc:    (By U.S. Mail)
        Mr. Danny Bell (No. 9-28436A)
        Ms. Elise Danforth (No. 301-011490/128010)

F:\USERS\DWF\Homedepot\George\Corres-Plaintiff\2001-05-08 Cardone resp re depos.wpd

**PLAINTIFF'S EXHIBIT 5**

# CARDONE LAW FIRM
A Professional Law Corporation
829 BARONNE STREET
NEW ORLEANS, LOUISIANA 70113
TELEPHONE: (504) 581-1394
FACSIMILE: (504) 581-7651

PLEASE REPLY TO: NEW ORLEANS

CLIFFORD E. CARDONE
BOB FINKELSTEIN
CATHERINE HILTON

Sender's Email: chilton@cardonelaw.com

WESTBANK LOCATION
405 GRETNA BLVD., STE. 103B
GRETNA, LA 70056
(504) 394-5554

METAIRIE LOCATION
(504) 835-5553

May 7, 2001

*Via Telecopy: 522-0949*

Ms. Deborah W. Fallis
Ms. Cherie L. Givens
Heller, Draper, Hayden & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

    RE:    Pamela George, individually and on behalf of her minor
              Daugher Kaycie George vs. Home Depot, et al
              USDC No.: 00-0006, Section "T" (1)
              Our File No.: 99-2499

Dear Debbie and Cherie:

    First, Debbie asked only that we advise her about **20 days** prior to any invasive procedures. Although we are not bound to do so, we did provide that courtesy on April 5, 2001. You are just now asking for medical records. The only medical record I am in possession of from Dr. Robertson is a chart note dated 10/4/00. I enclose same.

    Second, you were advised that additional surgeries were needed and would be had when we filed our First Motion to Continue trial last year.

    Third, if you think that I micromanage my client's medical treatment to the extent that I have current, updated copies of all medicals at all times, then you do not understand a plaintiff's counsel's practice. As defense counsel, you are always free to submit the appropriately worded release to get medical records on your own.

    Fourth, I have requested medical records from Dr. Robertson, and when I receive same, I will provide you with a copy. I don't know when I will receive these records.

    Fifth, I just spoke with Ms. George and was advised that while her surgery was originally scheduled for next week, the surgery has been set back for four weeks by Dr. Robertson's office. I do not know why. Accordingly, you now have four weeks (more than your original request of 20 days) to obtain an IME. And, you have had notice of this surgery since April 5, 2001.

    Finally, I have requested that you agree to schedule the depositions of Roane and Kospelich and


PLAINTIFF'S EXHIBIT 6

also the 30(b)(6) deposition of Home Depot for a couple of months, now. You continue to avoid providing me with dates. I am left with no alternative but to schedule these depositions and provide you with sufficient notice so that you can make your people available.

    Enclosed please find three deposition notices which I am filing with the Court.

    With kind regards, I remain

                                      Very truly yours,

                                      CARDONE LAW FIRM
                                      A Professional Law Corporation

                                      Clifford E. Cardone

CEC/scs