

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA GEORGE, Individually and as the Tutrix of her minor daughter, Kaycie George | * * * * | CIVIL ACTION NO. 00-0006 |
| VERSUS | * * | SECTION "T" |
| HOME DEPOT USA, INC., JOHN DOE, WILLIAM DOE, SAM DOE and XYZ INSURANCE COMPANY | * * * * | MAGISTRATE (1) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, National Union Fire Insurance Company ("National Union"), who for answer to the original Petition for Damages and Supplemental and Amending Complaint of plaintiff, avers as follows:

### FIRST DEFENSE

The Original and Supplemental Petition fails to state a claim against National Union upon which relief can be granted.

### SECOND DEFENSE

Petitioner's damages, if any, which are specifically denied, occurred because of the negligence, fault, and/or other culpable conduct of third persons for whom this defendant



has no legal responsibility, or were caused by acts and circumstances outside the control of defendant.

## THIRD DEFENSE

Petitioner's accident, if any, and alleged damages and injuries resulting therefrom, which are specifically denied, were caused by the negligence, fault, comparative fault, contributory negligence, or other culpable conduct of petitioner, Pamela George, which negligence, fault, comparative fault, contributory negligence or other culpable conduct act as a complete bar to any recovery by petitioner, individually and as the tutrix of her minor daughter, Kaycie George, or alternatively, mitigate petitioner's right of recovery, individually and as the tutrix of her minor daughter, Kaycie George, in the following list of non-exclusive particulars, to wit:

    (a)    Failure to see what she should have seen;
    (b)    Failure to exercise due caution;
    (c)    Failure to act as a reasonable person would under the same or similar circumstances;
    (d)    Failure to operate her vehicle in a safe and prudent manner;
    (e)    Failure to maintain proper control of her vehicle;
    (f)    Operating her vehicle at an excessive rate of speed for the prevailing circumstances;
    (g)    Failure to avoid an accident when she had the last clear chance to do so;
    (h)    Failure to take the proper actions, of which she was capable, to prevent the occurrence of the alleged accident;
    (i)    Failure to avoid a collision;
    (j)    Failure to properly maintain her vehicle;
    (k)    Failure to secure Kaycie George in a seat belt or car seat; and
    (l)    Any and all other acts, failures to act or negligent acts which may be proven at or prior to the trial of this matter.

## FOURTH DEFENSE

Petitioner has failed to mitigate any damages she may have suffered, individually and as the tutrix of her minor daughter, Kaycie George, the existence of which damages is denied.

## FIFTH DEFENSE

National Union does not provide coverage for the claims made by plaintiffs on the basis that the vehicle allegedly operated by defendants was not an insured vehicle.

AND NOW, in response to the specific allegations of plaintiffs original and supplemental Complaint for Damages, National Union avers as follows:

## ANSWER

1.

The allegations contained in Paragraphs I through VIII, X, XII and XIII of the Original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth thereof.

2.

The allegations contained in Paragraphs IX, XI, XIV, XVI, XVIII, and XIX of the Original Petition for Damages allege conclusions of law for which no answer is required. However, should an answer be required, the allegations contained in these paragraphs are denied.

3.

The allegations contained in Paragraph s XV, XVII, XX, and XXI of the Original Petition for Damages do not require an answer from National Union. However, should an answer be required, the allegations contained in those paragraphs are denied.

AND NOW, for answer to the Supplemental and Amending Complaint, National Union respectfully avers as follows:

4.

Except to admit that National Union is a foreign insurer authorized to do and doing business in this parish and state, the allegations contained in paragraph I of the Supplemental and Amending Complaint are denied.

5.

The allegations contained in Paragraph III, IX through XI and XIV of the Supplemental and Amended Complaint allege conclusions of law for which no answer is required. However, should an answer be required, the allegations contained in these Paragraphs are denied.

6.

The allegations contained in Paragraphs IV through VIII, XII and XIII of the Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

7.

The allegations contained in Paragraph XV and XVI of the Supplemental and Amending Complaint do not require an answer from National Union. However, should an answer be required, the allegations contained in these Paragraphs of the Supplemental and Amending Complaint are denied.

8.

National Union reserves its right to file supplemental answers, crossclaims, counterclaims or third party demands as further discovery may warrant.

WHEREFORE, defendant, National Union Fire Insurance Company, prays that its Answers to the original Petition for Damages and Supplemental and Amending Complaint be deemed good and sufficient and that after due proceedings are had, there be judgment herein, in favor of defendant, and against plaintiff, at plaintiff's costs, and for all such general and equitable relief as may be required by law.

Respectfully submitted,

HOFFMAN, SIEGEL, SEYDEL, BIENVENU,
CENTOLA & CORDES, APLC

_____
ROBERT I. SIEGEL, Bar #12063
NATHAN L. SCHRANTZ, T.A. Bar #21864
650 Poydras Street, Suite 2100
New Orleans, Louisiana 70130
(504) 523-1385

**Attorneys for National Union Fire Insurance Company**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid on this 8th day of June, 2001.

_____