UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL -6 P 4: 52

LORETTA G. WHYTE
CLERK

PAMELA GEORGE, Individually and
as the Tutrix of her minor daughter,
Kaycie George

CIVIL ACTION

VERSUS                                                      00-0006

HOME DEPOT USA, INC., JOHN DOE,
WILLIAM DOE, SAM DOE, and XYZ
INSURANCE COMPANY                                           SECTION "T"(1)

    Before the Court is a Motion to Remand filed on behalf of the plaintiff, Pamela George, Individually and as the Tutrix of her minor daughter, Kaycie George, and a Motion to Dismiss for Failure to State a Claim and for Prescription, or in the alternative, Motion for Summary Judgment, filed on behalf of the defendants, Home Depot U.S.A., Inc., Michael Kospelich, and Kristian Roane. These motions were submitted for the Court's consideration on March 28, 2001 and April 25, 2001, respectively. The Court, having considered the memoranda filed, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I. BACKGROUND:**

    This suit arises out of an automobile accident which occurred on May 11, 1999, in Orleans Parish. Plaintiff, Pamela George, contends that as she was driving on the I-10 Service Road, a Home Depot truck suddenly entered the roadway in front of her causing her to swerve to the left. As she did so, the vehicle hydroplaned on the wet roadway and veered off the road striking a tree. Plaintiff and her six year old daughter, Kaycie George, were allegedly injured in the accident. Suit was filed

1

DATE OF ENTRY
JUL 9 2001



in Civil District Court for the Parish of Orleans naming Home Depot U.S.A., Inc. ("Home Depot"), John Doe, William Doe, Sam Doe, and XYZ Insurance Company as defendants. Home Depot filed a notice of removal based upon diversity jurisdiction and amount in controversy exceeding the sum of $75,000.00. Thereafter, the plaintiffs moved to remand the action to state court. This Court denied plaintiffs' motion to remand in March 2000. On February 2, 2001, plaintiffs filed a Supplemental and Amending Complaint adding National Union Fire Insurance, as a defendant, and substituted two of the fictitious defendants with Home Depot employees, Mike Kospelich, and Chris Rome (correctly, Kristian Roane). In light of the substitution of these named defendants, plaintiffs once again moved to remand the case to state court. Defendants, Home Depot, Mike Kospelich and Kristian Roane, then filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

## II. ARGUMENTS OF THE RESPECTIVE PARTIES:

Plaintiffs contend that this Court lacks subject matter jurisdiction as complete diversity does not exist. The plaintiffs are residents of Louisiana as were defendants, Mike Kospelich and Kristian Roane, who resided in Orleans Parish at the time the original complaint was filed. Kospelich and Roane are the employees of Home Depot who are alleged to have directly contributed to the damages suffered by the plaintiff, Pamela George, either as driver of the automobile which caused her to lose control of her vehicle, or as the "helper" who improperly pulled Pamela George from her wrecked vehicle, increasing her physical injury. Therefore, as complete diversity does not exist, this matter must be remanded to State court.

The defendants however contend that the matter is not that simple. Defendants submit that this Court must conduct a summary judgment type analysis looking to any record evidence, including

affidavits, depositions, and like testimony concerning the facts underlying citizenship in making a jurisdictional assessment as in the cases of fraudulent joinder or jurisdictional amount controversies. Upon such an analysis, defendants argue the evidence shows that Kospelich and Roane were in Kospelich's personal vehicle at the time of the incident, returning to work after lunch, and traveling in their own lane of traffic in the direction opposite of George. After witnessing George swerving out of control and the ultimate collision, Kospelich, acting as a Good Samaritan, stopped his vehicle and attempted to aid Pamela George while Roane aided Kaycie George.

Defendants submit that the plaintiffs have alleged two different theories for recovery against Kospelich and Roane. First, plaintiffs allege negligence in which one or the other drove a Home Depot truck and secondly, for the negligence committed after the accident by one or both of them as good Samaritan rescuers. Under the first theory, the evidence produced shows that neither were driving a Home Depot truck, but even if they had been, any such negligence was committed in the course and scope of their employment; therefore, Home Depot would be vicariously liable and there would be no need to have Kospelich and Roane named as parties to the suit. As for the second theory, both Kospelich and Roane would be immune from any liability pursuant to R.S. 9:2793. As there is no valid basis for their presence in this suit, Kospelich and Roane should be dismissed such that diversity not be destroyed.

Finally, defendants contend the actions against Kospelich and Roane have prescribed as they were not named in the lawsuit until more than one year had passed after the accident. While Civil Code article 2324 provides that the filing of a lawsuit against a joint tortfeasor interrupts the running of prescription against other joint tortfeasors, the facts divulged by discovery show that Kospelich and Roane are not joint tortfeasors with Home Depot and as such, the filing of the lawsuit against

Home Depot does not serve as an interruption of prescription as to these two defendants.[1]

In response, the plaintiffs assert that the reason for the delay in naming the actual employees was based upon Home Depot's failure to adequately and timely respond to plaintiffs' discovery requests. Next, plaintiffs contend that the "evidence" submitted by the defendants should not be considered at this juncture, rather, plaintiff is entitled to have a jury weigh the credibility of all witnesses. Finally, plaintiffs submit that once this Court permitted joinder of the additional non-diverse defendants to this suit upon the consent of Home Depot, the Court lost subject matter jurisdiction and thus has no power to even consider whether fraudulent joinder applies. Therefore, remand is required in this case and the issues of prescription and/or lack of a viable theory of recovery are issues that may be addressed after remand is ordered.

### III. LAW AND ANALYSIS:

In this particular case, jurisdiction is asserted based upon diversity of citizenship. 28 U.S.C. §1332. Upon removal from state court, this Court found that removal was proper as the only named defendant, Home Depot, was diverse from the plaintiffs. Subsequently, upon the unopposed motion of plaintiffs to amend the complaint, this Court granted leave to amend the complaint naming two of the fictitious defendants. These two defendants are alleged to be Louisiana domiciliaries which therefore destroys complete diversity. As such, the issue for this Court to decide is whether the unopposed motion for leave to amend the complaint, naming the non-diverse defendants, while destroying complete diversity, also defeated subject matter jurisdiction. This Court finds that subject

---

[1] These same arguments form the basis for defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

matter jurisdiction was in fact destroyed.

"Federal courts are courts of limited jurisdiction, and...may exercise only the authority granted to them by Congress." Commonwealth of Mass. v. Andrus, 594 F.2d 872, 887 (1st Cir. 1979). Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction in civil actions in which the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different States. Relevant to this case is 28 U.S.C. §1447(e) which provides:

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In the case of Cobb v. Delta Exports, Inc., 186 F.3d 675 (5th Cir. 1999), the Fifth Circuit held that the post-removal joinder of non-diverse defendants destroyed diversity for jurisdictional purposes and required remand despite the fact that the newly joined defendants were dispensable. In that case, after the initial defendants removed the action to federal court, the unopposed motion to amend the complaint to add claims against non-diverse defendants was granted. The Court reasoned that the explicit language of §1447(e) only gives a district court two options, to deny joinder, or permit joinder and remand, as such, "the district court may not permit joinder of non-diverse defendants but then decline to remand." Cobb, 186 F.3d at 677. Furthermore, the Fifth Circuit found that the doctrine of fraudulent joinder was inapplicable as the doctrine does not apply to joinders that occur *after* an action is removed. This is so because a defendant

> has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.

Cobb, 186 F.3d at 678. Accordingly, the Court held that "once it permitted joinder of the non-diverse defendants, the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." Id.

This case is very similar in that the non-diverse defendants, Kospelich and Roane,[2] were joined in this suit upon an unopposed motion to amend the complaint. The defendant, Home Depot, failed to raise the issue of fraudulent joinder and argue that no colorable claim existed against these individuals at the time they were joined in this suit. As such, upon the granting of the motion for leave, diversity jurisdiction was destroyed and this Court may no longer consider whether or not the doctrine of fraudulent joinder applies. Home Depot's failure to oppose said amendment was fatal to preserving federal subject matter jurisdiction. This Court even noted in its previous Order and Reasons denying the first Motion to Remand that:

> Should plaintiff seek leave of Court to amend their petition, it is possible that diversity could be destroyed. Moreover, upon seeking leave of Court to amend the petition, undoubtedly issues of fraudulent joinder will be raised by the defense. These are two issues that need not be addressed by this Court at this time. Accordingly, it is the finding of this Court that at the time of removal, diversity of citizenship existed.

Order and Reasons dated 3/8/00. However, Home Depot did not and has not raised the issue of fraudulent joinder.

Instead, the defendants argue that Cobb should not be considered in a vacuum, but "should be read with the spirit of the federal rules of liberal construction and application as well as other cases dealing with removal." Defendants' Supplemental Memorandum in Opposition. Defendants

---

[2] While defendants argue that Kospelich is no longer a Louisiana resident and should therefore not be considered a non-diverse defendant, there is no dispute that Roane is and always has been a Louisiana resident.

contend that Kospelich and Roane are not necessary to this suit and therefore should be dropped from the action pursuant to Rule 21 which provides "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. One of the cases cited in reliance is <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812 (5th Cir. 1993). Defendants argue that the <u>Jernigan</u> case is relevant as it allowed the use of affidavits to prove that a defendant was not a proper party, but also because a named defendant was treated as a "non-party" for diversity purposes where it was immune from liability under Louisiana law, thus the joinder was found to be fraudulent. <u>Id</u>. This Court however disagrees that <u>Jernigan</u> lends support to the defendants herein. The Fifth Circuit in <u>Cobb</u> cited the <u>Jernigan</u> case to show that courts have used the doctrine of fraudulent joinder to ignore, for jurisdictional purposes, non-diverse parties *on the record in state court at the time of removal.* <u>Cobb</u>, 186 F.3d at 677.[3] The non-diverse defendants in the <u>Cobb</u> case, as in the present case, where not on the record at the time of removal, but where added after removal on the unopposed motion of plaintiffs for leave to amend the complaint. As such, this Court follows the reasoning and ruling of the more recent <u>Cobb</u> case.

Likewise, the First Circuit in <u>Casas Office Machines, Inc. v. Mita Copystar America, Inc.</u>, 42 F.3d 668 (1st Cir. 1995) stated:

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). *See Yniques*, 985 F.2d at 1035. If on the other hand, the defendant is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court. *Id*. A district court may not, however, do what the court below did here, that is,

---

[3] The Fifth Circuit likewise cited <u>Cavallini v. State Farm Mutual Auto Ins. Co.</u>, 44 F.3d 256 (5th Cir. 1995) for the same proposition, a case also relied upon by the defendants in their memorandum.

substitute the nondiverse, named defendants for the fictitious defendants–thereby defeating federal diversity jurisdiction-- and then continue to deal with the merits of the dispute.

Casas, 42 F.3d at 675.   The Court did however go on to state that although diversity is defeated when fictitious defendants are substituted with non-diverse named defendants after removal, jurisdiction may be restored retroactively if the newly named defendants are dispensable parties by dismissing them from the action pursuant to Rule 21.  The Court went on to note that even if the defendants are dispensable, such a finding does not compel their dismissal.  Courts are to exercise such authority sparingly and must carefully consider whether the dismissal of a non-diverse party would prejudice any of the parties to the litigation.  In that case, the Court found that dismissal was warranted under the circumstances.  Id.

This Court does not believe Kospelich and Roane are dispensable parties.  The plaintiff has alleged that they are liable under two alternate theories, first that they were negligent as the drivers of the Home Depot truck, or secondly, that they were negligent in their attempt to extricate the plaintiff from her vehicle.  Assuming that the allegations of the complaint are true and that these individuals were in the Home Depot truck that allegedly caused plaintiff to take evasive action and lose control of her vehicle, Home Depot would be vicariously liable only if Kospelich and/or Roane were in the course and scope of their employment.  Home Depot has not stipulated such and should the evidence show that Kospelich and/or Roane were negligent and not in fact acting within the course and scope of their employment, Home Depot would not be vicariously liable and these individuals would be liable on their own accord.  As such, their presence in this suit is mandatory. Moreover, there are allegations that these individuals were negligent in the handling of the plaintiff

after her accident in their attempt to render assistance.

Furthermore, this Court believes that the case of <u>Nash v. Hall</u>, 436 F.Supp. 633 (W.D.Ok. 1977) lends additional support to this ruling. In <u>Nash</u>, as in the present case, complete diversity existed in the original complaint at the time of removal from state court, however diversity was destroyed after removal when an amended complaint was filed. However, in <u>Nash</u>, all allegations of negligence against the non-diverse individual were as an agent of other defendants, and thus the non-diverse defendant was not an indispensable party and could be dropped from the case so as not to defeat jurisdiction. <u>Id</u>. This case is distinguishable as there are allegations asserted against Kospelich and Roane other than negligence as the agent of Home Depot. Therefore, this Court does not find that Kospelich and/or Roane are dispensable to this action such that a dismissal under Rule 21 is appropriate.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed on behalf of the plaintiffs, Pamela George, Individually and as the Tutrix of her minor daughter, Kaycie George, is hereby **GRANTED**.[4]

**IT IS FURTHER ORDERED** that the above-captioned matter be **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this ___6___ day of July, 2001.

```
                                    G. THOMAS PORTEOUS, JR.
                                    UNITED STATES DISTRICT JUDGE
```

---

[4] As this Court finds that it is divested of subject matter jurisdiction, the Court can not reach the merits of the defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment.